Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,
Hon. CHARLES E. FENNER,        } *Associate Justices.*
Hon. LYNN B. WATKINS,†

### No. 1139.

THE STATE OF LOUISIANA VS. WESTLEY GAUTHREAUX ET ALS.

An accused is not entitled to compulsory process for obtaining witnesses in his favor, in support of a motion for a new trial.

The provision of the Constitution (Art. 8) touching witnesses in criminal cases, applies to witnesses on the question of the guilt or innocence of the accused, and has no reference to motions for new trials or other proceedings connected with a criminal cause.

The Supreme Court will not disturb the rulings of trial judges, in their manner of fixing and hearing motions for new trials or similar proceedings unless the same appear on their face arbitrary or glaringly unjust.

Evidence intended to impeach the testimony of witnesses on the trial is not a legal ground for a motion for a new trial on the ground of newly discovered evidence.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel,* J.

*M. J. Cunningham,* Attorney General, and *J. L. Gaudet,* District Attorney, for the State, Appellee:

#### ON MOTION TO DISMISS.

Appeals in criminal cases will be dismissed unless the record is filed in the Supreme Court within ten days from the granting of the order of appeal.

*Absent during the whole of this term on account of illness.
†Appointed on the 19th of April, 1886.

State vs. Gauthreaux et als.

## ON MERITS.

A motion for a new trial on the ground of newly discovered evidence must be refused when the affidavit of the accused shows that the evidence, so far from being newly discovered, was known to him all the while. Such motion must be supported by other testimony in addition to the affidavit of the accused. His alone will not suffice. State vs. J. J. Cotton, 36 Ann. 980.

Newly discovered evidence tending to impeach or discredit a witness who has testified in the case affords no legal ground for setting aside the verdict and granting a new trial. State vs. Lou Young and Joseph E. Barbo, 34 Ann. 346; State vs. Henderson, 35 Ann. 45.

*E. N. Pugh* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Westley Gauthreaux seeks relief from a sentence for murder without capital punishment, on the ground that he was improperly denied a new trial.

He also complains of the judge's refusal to fix a day for the hearing of his motion for a new trial, which was predicated on alleged newly discovered evidence, and of his refusal to issue process intended to secure the attendance at that hearing of the witnesses whose evidence he claimed to have discovered since the trial.

The record shows that the verdict of the jury was rendered on May the 13th, and the motion for a new trial was presented on the 19th of the same month. The judge ordered the motion to be taken up *instanter*, and after hearing he overruled it.

It is charged that the ruling was erroneous and injurious to the accused, and the rules of the court are in the record to show that the judge violated his own rules. But the very rule invoked by the accused authorizes the judge to fix certain motions for trial *instanter*.

But the method of hearing motions for new trials is a matter which must be left to the sound discretion of the trial judge, and surely this Court cannot be expected to review every movement of a district court in the disposition of its business.

If the mere reading of a motion for a new trial imparts to the judge, who has followed up and directed the whole trial, sufficient knowledge to intelligently dispose of the matters suggested in the motion, he cannot be arbitrarily required to delay his ruling for the purpose of further hearing in the premises.

In Boasso's case recently decided in New Orleans, this Court upheld the trial judge in his refusal to hear argument of counsel in support of a motion for a new trial, the judge stating that he was

already familiar with and ready to dispose of the questions submitted in the motion.

There is no merit in defendant's contention that he had the constitutional right to "compulsory process for obtaining witnesses in his favor," in support of a motion for a new trial. That provision (Constitution, art. 8) has reference to witnesses for the trial of the guilt or innocence of the accused, and surely does not cover the hearing of every motion or other proceeding incidental to or connected with the main trial.

Under the interpretation suggested by defendant, accused parties would soon monopolize the time of the court and form a constant procession of witnesses to the court-house, whose presence and whose hearing would indefinitely procrastinate and eventually paralyze the administration of justice.

His contention finds no support in Hyland's case, 36 Ann. 88, on which he relies. The ruling in that case was that the trial judge should hear the witnesses whom the accused produces in support of the averments of his motion for a new trial, and his refusal in that case to hear them was discountenanced. But nothing in the opinion justifies the inference that in such a proceeding the accused is entitled to process for witnesses. The substance of the ruling is that the judge must either hear the witnesses if produced or receive and consider their affidavits in corroboration of that of the accused.

But in the instant case the defendant did not present or annex the affidavit of the witnesses referred to in his motion, or of any other person in support of his motion.

And his reasons for his failure to comply with that rule of law are not satisfactory.

The fact that he was in prison and that he had been taken by surprise by the nature of the testimony produced against him at the trial could with as much reason be urged by all convicted parties, and yet the rule is absolute and has always been enforced in criminal jurisprudence. State vs. Cotton, 36 Ann. 980; State vs. Jung & Britto, 34 Ann. 346.

But notwithstanding this material omission of the defendant in the matter of his motion, we have considered the nature of the alleged newly discovered evidence which he therein sets up.

Its intended effect was double in its scope.

By one set of witnesses he proposed to show justification for the homicide with which he was charged, and by another set he proposed

to impeach the testimony of witnesses who had sworn to certain admissions made by him in connection with the crime for which he was prosecuted.

. The witnesses whom he desired to produce in support of his alleged justification were in the same house with him at the time of the homicide, and their alleged version of the deed must have been known to him at the time as the truth of the facts which he holds out, and hence their testimony cannot be considered as newly discovered evidence.

If it be true, as he contends, that the deceased was about to break into the house of the person who is represented as having called on the accused for assistance, he must have known these things not only at the time of his trial, but at the very moment of the homicide; and the credulity of courts cannot be strained to the point of believing that such evidence was discovered only since the trial.

The intention to impeach the testimony of witnesses as given at the trial is not a legal ground for a new trial. The rule has been too long in force and is too firmly settled in jurisprudence to require any argument in its support at this time. Waterman's Criminal Digest, p. 459, sec. 208; State vs. Fahey, 35 Ann. 9; State vs. Diskin, 35 Ann. 46.

From the record it appears that the accused had six days within which to prepare his motion for a new trial and to secure either the presence or the affidavits of witnesses whose testimony he pretends to have discovered since his trial, and his failure to present them or their corroborating affidavits must be attributed to his own laches, and cannot be traced to the rulings of the trial judge, who has committed no errors under the law.

Judgment affirmed.