## No. 1188.

## THE STATE EX REL. J. C. WICKLIFFE, DISTRICT ATTORNEY, VS. W. F. BALCKMAN, JUDGE OF TWELFTH JUDICIAL DISTRICT.

Under the laws of Louisiana the accused in a criminal prosecution has no right to exact a list of the State witnesses. Hence the District Attorney cannot be required by the court to furnish such a list as a condition precedent to a trial of the cause.

An order to that effect by a District Judge cannot be justified as resting on his judicial discretion, and not being sanctioned in law it must be rescinded.

APPLICATION for Mandamus.

*J. C. Wickliffe,* District Attorney, Relator.

Respondent *in pro per.*

The opinion of the court was delivered by

POCHÉ, J. Relator's complaint is predicated upon the following facts:

When the case entitled "The State vs. John Clements," then pending in respondent's court, was called for trial according to previous assignment, and after the District Attorney announced that he was ready for trial, the accused moved for a continuance of the case for the main reason that the names of the State witnesses were not written on the back of the indictment, and had not otherwise been disclosed. Whereupon the judge entered an order requiring the District Attorney to disclose the names of the State witnesses, and on the latter's refusal to comply with said order, he continued the trial of the case "until such time as the District Attorney disclose name of prosecuting witness."

In his answer the respondent admits that, under the law, the omission of the District Attorney to endorse the names of the State witnesses on the indictment is not fatal, and that the call on behalf of the accused for information on the subject is not a matter of right or of law, but he contends that, as the law is silent on the subject, his order in the premises is within the scope of his judicial discretion.

A careful consideration of the question has led us to the conclusion that our learned brother of the District Court is in error and that his order cannot be sustained in law.

If, as he concedes, the law does not require, as a matter of right, the disclosure of the names of the State witnesses, the court cannot coerce the District Attorney to comply with an order which is not supported

by law; and if, on the other hand, the court can at its discretion insist on a compliance with such an order as a condition precedent to a trial of the cause, it is clear that the State can thus be deprived of her right to prosecute offenders, or to enforce her own laws in her own courts.

A discretion which would lead to such a confusion or chaos has certainly no claim to be considered as a sound judicial discretion : hence it becomes the duty of a judge to recede from a position which would produce such effects, unless he is sustained by a clear and mandatory law.

The question therefore hinges upon a proper consideration of the requirements of the law in the premises.

The controversy was set at rest by this court in the case of Kane and Hunter, 36 Ann. 153. In that case the defendants urged in a motion in arrest, error through the omission of the prosecuting officer to endorse the names of the State witnesses on the indictment. The court, after a thorough review of the common law, as adopted and modified by our statutes, concluded that the common law provision which conferred that right to the accused had been *ex industria* omitted from our statute on the subject, sec. 992, Revised Statutes; and that the omission of the District Attorney in that regard had deprived the accused of none of his rights. It requires no argument to justify the conclusion that a formality which is not essential in law to the legality of a criminal trial cannot be imposed by the court, as a condition, precedent to the trial.

It is therefore ordered that a peremptory writ of mandamus issue to the respondent judge, directing him to rescind his order continuing the trial of the case of the State vs. John Clements, now pending in his court, until such time as the District Attorney disclose the names of the prosecuting or other State witnesses, and to proceed to such trial without requiring the District Attorney to disclose the names of the State witnesses, and that the costs of these proceedings be taxed against the respondent.