The opinion of the court was delivered by
Watkins, J.
The defendants were indicted for the crime of manslaughter, and Charles Barfield was acquitted and Calvin Bar-field was convicted — the latter having appealed from a verdict .of guilty and a sentence to ten years’ imprisonment in the penitentiary, relying for relief upon a single bill of exceptions, to the refusal of the trial judge to grant him a new trial.
After the trial and conviction of Calvin Barfield, his counsel made an application for a new trial, in extenso, in which, amongst others, he makes the following statement, viz.
“ That a great hardship was visited upon him by not allowing him a brief delay * * * in order to produce two of his principal witnesses who were easily obtainable — living not more than twenty miles from the court house,” etc.
The averment is made that he only discovered on the morning the case was fixed for trial that these witnesses were absent, and “ at once took the necessary steps to procure their attendance ” — placing an attachment for them in the hands of the sheriff.
*1696 That on account of the character of the case and the length of time counsel supposed would be consumed in empaneling the jury and in the introduction of the testimony on the part of the State, he consented to go into the trial, confidently believing that the witnesses would be produced in due and seasonable time to give in their testimony. But he represents that the jury were empaneled and the evidence was concluded sooner than he anticipated; and that consequently he requested of the court “ a brief delay to enable (him) to supplement the evidence already offered with that of the two aforesaid witnesses” and that request wal refused.
There is no doubt in our mind that the accused has met with a hardship, and perhaps sustained an injury by being deprived of the benefit of the testimony of two of his important witnesses; but there is no fault attributable to the ruling of the trial judge. As the witnesses had been personally served they were liable to attachment; but as it came to the knowledge of defendant’s counsel that they were absent on the day fixed for the trial, he should have applied for a suitable postponement until they could have been produced, and before going into the trial, or to have gained permission to introduce them when they arrived. And in the event of a refusal of that request to have made a formal application for a continuance of the case.
Under the state of facts presented we have no power to grant relief.
Judgment affirmed.