No. 14,207.

STATE OF LOUISIANA VS. MITCHELL AND DAN YOUNG.

SYLLABUS.

1.  Where, as part of his exculpatory evidence, an accused person seeks to prove admissions (not part of the *res gestae*) made by another person to the effect that it was he, and not the accused, who killed the deceased, objection to the evidence that it is hearsay was well taken.
2.  Where the avowed object of alleged newly-discovered evidence is to discredit a prosecuting witness, the general rule is a new trial will not be granted.

A PPEAL from the Sixth Judicial District, Parish of Ouachita—
      *Hall, J.*

*Walter Guion,* Attorney General, and *James P. Madison,* District Attorney (*William Francis Millsaps* and *Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Hudson, Potts & Bernstein,* for Defendant, Appellant. ·

The opinion of the court was delivered by

BLANCHARD, J.　The accused were indicted for the murder of Perry Cook and convicted by a jury of manslaughter.

From a sentence of three years in the penitentiary at hard labor, they appeal.

The first bill of exceptions brings to our attention that:—

After evidence had been received that shortly after the homicide, one Jim Bullard was arrested on a warrant issued by direction of the coroner's jury, charged with the murder of Perry Cook, and after evidence had been received  *  *  *  of several witnesses, sworn for the defendants, that Jim Bullard and one Joe Glover, on the date and at the time and place charged in the indictment, had shot Perry Cook, and that defendants in the case had not fired a shot  *  *  *, defendants offered to prove by Byron Parker, Justice of the Peace in the ward of the parish where the homicide was committed, and by E. R. Guyton, a prominent citizen in the neighborhood, and by several other witnesses, that shortly after the commission of the homicide, and on the day the inquest was held, said Joe Glover confessed and admitted that he shot Perry Cook and was the man who killed him.

This evidence was objected to on behalf of the State on the ground that the same was hearsay, which objection the court sustained and excluded the testimony.

There was no error in this ruling.

In the 3rd volume of Rice on Evidence (Criminal), p. 136, Sec. 87, on the subject of hearsay evidence, that author declares that where, as a part of the exculpatory evidence, it is sought to prove admission made by absent parties tending to show that they themselves were guilty of the crime and not the person on trial, such testimony is unquestionably incompetent.

·And Mr. Wharton, in his work on Criminal Evidence, 9th ed., p. 176, Sec. 225, says:—

On an indictment for murder, the admissions of other persons that they killed the deceased, or committed the crime in controversy, are not evidence—

citing Greenfield vs. People, 85 N. Y. 75; Smith vs. State, 9 Ala. 990; Snow vs. State, 54 Ala. 136; 58 Ala. 372; Sharp vs. State, 6 Tex. Ap. 650; Holt vs. State, 9 Tex. Ap. 571.

See also United States vs. Munholland, 50 Fed. Rep. 417; Daniel vs. State, 65 Ga. 200; Brown vs. State, 3 Tex. Ap. 623; Pick vs. State, 86 Tenn. 267 (6 S. W. Rep. 389); Rhea vs. State, 10 Yerg. 258; Corn vs. Chabbock, 1 Mass. 144; State vs. White, 68 N. C. 158; and State vs. West, 45 La. Ann. 17.

The second bill of exceptions is leveled at the refusal of the trial Judge to grant a new trial upon the ground of newly discovered evidence.

The averment was that on another trial the accused would be able to prove by two witnesses, who are named (one of them the Justice of the Peace hereinbefore mentioned), that four days after the homicide the parties referred to interviewed John Warren, one of the chief witnesses for the State, who had testified to statements made to him by the accused, immediately after the shooting of the deceased, to the effect that one of them had shot him and the other had struck him " a lick that he will not get over for seventy-five years," and that said Warren denied to them having any knowledge whatever of the guilty parties, or any information as to the manner and cause of the death of Cook; that he had not the least idea who shot Cook and had never heard who shot him; that all he had heard was one John Glover telling his sons, Joe and James Glover, " no one must know anything about who shot Cook," that he (Warren) had talked with a good many persons who were present and near by when the deceased was shot and killed, and that all of them stated to him they did not know who did the shooting.

The bill recites that this evidence and these facts were unknown to them, or their counsel, until too late to be used on the trial, and were only discovered after defendant's evidence had been closed and after said Warren had testified and been dismissed as a witness from the case.

It is further recited that after learning the facts—the trial of the case not having yet ended—they called the said Parker to the stand and offered him as a witness to prove the facts averred, but the evidence was objected to by the State on the ground that no proper foundation had been laid for contradicting the witness Warren, and this objection was sustained.

With reference to the exclusion of this testimony, the Judge gives as reason for his ruling that during the examination of the State's witness Warren, and indeed throughout the trial, Byron Parker and E. R. Guyton (one of the other witnesses referred to by the defendants in

their motion for new trial) sat with the defendants and their attorneys and displayed some interest in behalf of the defendants by frequent consultation with their attorneys.

He further states that notwithstanding it was evident, from the attempt made, to impeach the testimony of the witness Warren and from the questions propounded to Parker for the purpose, that the evidence had been discovered before Parker was placed on the stand, no effort was made to have Warren recalled for further cross-examination in order to lay the proper foundation for contradicting him.

Under these circumstances we hold the Judge ruled correctly in excluding the testimony.

The proper course for the accused to have pursued was to have had the witness Warren recalled for further cross-examination and then have asked him the questions which would have laid the foundation for impeaching him.

Besides, it is well settled that where the avowed object of alleged newly discovered evidence is to discredit a witness who had testified on the other side during the trial, the general rule is a new trial will not be granted.

State vs. Young and Barbo, 34 La. Ann. 346; State vs. Fahey, 35 La. Ann. 12; Wharton on Crim. Law, Vol. 3, Sec. 3354; State vs. Disken, 35 La. Ann. 48; State vs. Williams, 38 La. Ann. 361; State vs. Gauthreaux, 38 La. Ann. 608.

Judgment affirmed.

Rehearing refused.