(75 South. 429)

No. 22496.

STATE v. BORDELON.

(May 14, 1917.)

*(Syllabus by the Court.)*

1. JUDGES ⬤⟳51(2)—RECUSATION—TIME.

    The judge may be recused before trial, or just as soon as the defendant becomes aware of the cause of recusation during the course of the trial. He cannot be recused after trial and judgment.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 226.]

2. CRIMINAL LAW ⬤⟳1034, 1090(7)—APPEAL—REFUSAL OF CONTINUANCE—BILL OF EXCEPTIONS—WAIVER.

    The refusal to grant a continuance, complained of for the first time in a motion for a new trial, or on appeal, is too late. A bill of exceptions must have been reserved on the refusal to continue; otherwise, accused is deemed to have waived his right.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2659, 3204.]

3. CRIMINAL LAW ⬤⟳1158(1)—APPEAL—QUESTIONS OF FACT.

    Questions of fact will not be considered by the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3070, 3071, 3074.]

4. CRIMINAL LAW ⬤⟳942(1)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPEACHING TESTIMONY.

    Newly discovered evidence which merely tends to impeach the credibility of the witnesses examined on the trial is unavailing in securing a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2331.]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; S. Allen Bordelon, Judge.

Albert L. Bordelon was convicted of retailing spirituous liquors without a license, and he appeals. Affirmed.

Lester L. Bordelon, W. E. Couvillon, and A. J. Bordelon, all of Marksville, for appellant. A. V. Coco, Atty. Gen., and Gaston L. Porterie, Dist. Atty., of Marksville (Vernon A. Coco, of Marksville, of counsel), for the State.

SOMMERVILLE, J. Defendant, a physician of the parish of Avoyelles, and president of the parish board of health, is charged in a bill of information, filed January 31, 1917, with retailing spirituous liquors in the town of Cottonport, on August 31, 1916, without having first obtained a license from the

police jury of the parish, or from the town council. He was convicted and sentenced, and he has appealed.

[1] After the trial of the cause, but before sentence was pronounced, the defendant moved to recuse the presiding judge on the ground that:

He "was incompetent to take cognizance of this case and try the same, and he is still incompetent to pass sentence upon this mover, because this cause was initiated and mover arrested on or about September 19, 1916, during the incumbency of the presiding judge as district attorney of this district, who was representing the state of Louisiana, one of the parties to this cause; that the affidavit against this mover was made with the knowledge and at the instance of the presiding judge during his said incumbency as district attorney for said district, and he interested himself at the time in behalf of the state in furthering the prosecution of this mover and instituting this cause on the docket of this court and marshaling the evidence upon which the charge against this mover is based; and mover is now informed and believes, and therefore alleges, that the district attorney brought the case before the grand jury which held its session just prior to the presiding judge assuming his position as judge of this court, * * * that the said presiding judge's participation in the prosecution of this mover, as district attorney, on the charge for which he was tried, rendered him incompetent to sit as judge in the case and brings him under the operation of the law providing for the recusation of judges who have been employed as advocates in the cause, or consulted therein by one of the parties thereto, he then being employed by the state of Louisiana, and in fact consulted therein by the state, one of the parties to this cause, and he should have recused himself and have appointed a judge ad hoc to try the cause, and he should still recuse himself therein.

"Your mover further avers that the facts constituting the cause for recusation of the presiding judge were not known to the mover until the only prosecuting witness, Wheeler Wilson, testified on the trial of the cause. * * * And it was only upon the trial of this cause, when the prosecuting witness, Wheeler Wilson, was on the witness stand, and was being cross-examined by your mover's counsel, that the facts were disclosed by the said witness of the extent of the said presiding judge's knowledge of, and participation in, the cause, and it was for this reason that your mover did not move to recuse the presiding judge at the time of the calling of the case for trial"; that the then district attorney had interested himself further in the case "by promising the witness a portion of the fine that would be imposed upon the conviction of this mover."

The trial judge found that the motion had been filed after trial and conviction and was too late; and he declined to grant the motion. The district judge said:

"The case was called by the district attorney one month before trial. The defendant and his attorney were aware of the fact that the now presiding judge, the district attorney at the time of the institution of this suit by the state, had knowledge of the facts relative to this case; knew that he had naturally participated in the preparation of the prosecution; knew that the district judge, formerly the district attorney, had stated, in open court, to all the attorneys, at regular motion hour, when the cases were called up to be fixed by the present district attorney, that he was subject to be recused, having participated in their origin.

"The accused, through his counsel, being aware of the reasons for recusation before going to trial, these being of public notice, has waived his right to recuse the judge," etc.

Every litigant, including the state in criminal cases, is entitled to nothing more than the cold neutrality of an impartial judge, and therefore, if a judge before whom a cause is to be tried is prejudiced or otherwise disqualified, he may be challenged, and, if the challenge is sustained, the cause may be moved to another court or tried before another judge. And it is within the legislative power to mark out the means, manner, and time for the determination of the question whether á judge is disqualified in any given case on account of prejudice. In some of the states it is held that a judge has no discretion when challenged on this ground and that the granting of a change of venue is an imperative duty; but in other states, and probably in any state in the absence of express statute, the court is competent to pass upon the alleged disqualifications, and allow or refuse the change. It is therefore the right and duty of the party who desires to object to or recuse a judge, as he has a right to do, to make his objection by a petition to the court, setting forth the facts upon which he relies. It is also the duty of the party to make his objection before the trial has commenced, if he is aware of the facts at that

time; otherwise he will be deemed to have waived the objection, unless a statute declare that proceedings before a disqualified judge shall be void, or unless the disqualification rests upon some rule of public policy.

It is sometimes said that the rule which disqualifies a judge when he is interested in the subject-matter of the suit or is within a certain degree of relationship to one of the parties has its foundation in public policy; but it is probably more accurate to say that it is merely the recognition of every litigant to have his case tried before an impartial judge, while those decisions, which take the view that public policy is involved, deny the right of waiver, as in the case of disqualification by reason of interest. If a matter of personal privilege only is involved, it seems clear that it may be waived, and such is the conclusion reached in a majority of the cases in which the question has been raised. As to what constitutes a waiver, it has been held that a confession of judgment in writing is sufficient, and that appearing before the judge and contesting the case without objecting to the judge on the ground of interest will be deemed a waiver. 15 R. C. L. 539.

In the case of Carr v. Duhme, 167 Ind. 76, 78 N. E. 322, 10 Ann. Cas. 967, where a board of commissioners were parties defendant it is held:

. "If the participation of an interested member of the board so affects its jurisdiction as to make its judgment void, then the invalidity cannot be cured even by consent of the parties; but if such improper action is a mere irregularity or error, rendering such proceedings voidable only, then the disqualification and consequent error may be waived by failure to make seasonable objection to the same. * * * It is an ancient maxim of the law that no man should be a judge in his own cause, and this principle still prevails where judicial tribunals are maintained. * * *

"At common law, the disqualifications of a judge because of interest in the subject-matter brought before him did not affect his jurisdiction, and his acting in the cause was regarded as a mere irregularity or error, on account of which a timely recusation would afford ground for the reversal of his judgment upon appeal or writ of error. * * *

"The Supreme Court of that state said upon this subject: 'This statute, mandatory in its terms, voices the universal sentiment of mankind excluding judges from sitting in cases where they are parties or are interested. * *. * The authorities are numerous, and nearly uniform, which hold that a judgment or decree rendered by a judge contrary to a statute like ours is void, and may be attacked collaterally.' * * *

"In the absence of prohibitory legislation, the question of the interest or bias of a judge is regarded as a private matter and of concern only to the parties to the action. But when constitutional or statutory provisions forbid a judge from acting officially, his action is regarded as transgressing the public policy of the state. * * *

"In cases where the disqualification of the judge renders the proceeding voidable merely and not void, it may be waived by consent of parties. * * * The board should have been given an opportunity to correct its own errors while the matter was before it. Appellees' silent acquiescence in the action of the board, as shown by the record, was a waiver of the disqualification of Taylor, complained of for the first time on appeal."

In this state, it is not mandatory upon a judge to recuse himself in criminal cases. The law, as found in section 1067, R. S., is:

"Any judge may be recused or may recuse himself in criminal cases if said judge be connected by blood or marriage with any person charged with any offense against the laws of the state."

This law has been amended so as to restrict it to relationship within the fourth degree in criminal cases. And there has been added as causes for recusation, when the judge is interested in the cause; or has been employed or consulted as advocate in it; his being the father-in-law, son-in-law, or brother-in-law of one of the parties; his having performed any judicial acts in the cause before any other court. Act 40, 1880, p. 38, as amended by Act 35, 1882, p. 48.

The cause of recusation alleged by the defendant to the presiding judge of the district court was that the judge had been employed as an advocate in the cause, or consulted by one of the parties therein, he then being employed by the state of Louisiana; but he

does not state clearly that the presiding judge was the district attorney at the time the affidavit was made or the information was filed, and we do not think that the mere fact that the presiding judge was district attorney at the time would constitute him an advocate in the cause, as the word "advocate" is used in the statute.

The Code of Practice, art. 337, defines "recusation" to be:

"The refusal, on the part of the defendant, to have his cause tried by the judge before whom he has been sued, on account of the ties of relationship existing between such judge and the plaintiff, or for other just causes hereafter expressed."

Thus it seems, from the article quoted, that a defendant may recuse the judge during the trial of a cause; and that is so of other statutes relating to recusation. There is no provision found for the recusation of a judge after the trial of the case, or on appeal.

The defendant undoubtedly had the right to recuse the judge for any of the causes enumerated in the statute, provided it was done timely. It was known to the defendant, if it was a fact, that the presiding judge in this case had been the district attorney at the time the information was filed against him. It was therefore his duty to have recused the judge before the trial commenced. If, for any reason, he can be said not to have known that the presiding judge had been the district attorney at the time indicated, he certainly knew, according to the allegations contained in his motion to recuse, that the trial judge had been the district attorney, and had heard what the evidence was to be, when the prosecuting witness so testified in open court on the trial of the cause. It was then the duty of the defendant to recuse the trial judge, and, having failed to do so, he waived his right. He cannot take the chance of acquittal, and afterwards urge some cause for reversal, or urge an objection which should have been made before verdict.

In Ricks v. Gantt, 35 La. Ann. 920, the case being a civil one, where the question of knowledge on the part of the defendant was discussed, the court say:

"It thus appears that, at the inception of the suit, the defendant was fully aware of the relations of the judge to the cause, upon which his present charge of incompetency is based. Nevertheless, without objection, he joined issue and, in fact, expressly asked the judge to pass upon the very question as to whether the payment made to him 'was properly or improperly made, and whether the defendant should or should not be allowed a credit for it,' which question is the sole ground of personal interest in his subsequent pleadings as cause for recusation. * * * That act (35 of 1882), by its terms, merely amends and re-enacts article 338 of the Code of Practice, and the article, as thus amended, resumes its place by * * * the other articles of the Code on that subject, and all must be construed together. It is obvious that it refers only to recusation by the defendant defined in the previous article, and leaves the power of the judge to recuse himself, as stated in the subsequent article 340, and as it has always stood. The power of the defendant to waive this absolute right conferred upon him cannot be questioned. His right to act arises whenever he discovers the cause of recusation; but when, as in this case, he submits his case to the judge, with full knowledge of the cause of recusation, and asks the judge to pass upon the very question in which he afterwards claims he is interested, the authority of the judge cannot, after judgment, be questioned. "In justice to the district judge, we would say that it is apparent he was never 'employed or consulted as advocate in the cause,' in the language of the third paragraph of Act 35 of 1882, and that he is not interested in the cause."

In that case, the judge sought to be recused had been appointed attorney for absent heirs of plaintiff's ancestor, and defendant had made claim for certain fees, and the court held that the judge had not been employed or consulted as an advocate in the cause.

In the present case, it should be stated that the trial judge did not try the motion filed to recuse him. He declined to consider the said motion, and overruled it, or set it aside. His reasons for so acting have been already stated.

The accused, through his counsel, was aware of the grounds for recusation before

he went to trial; he therefore waived his right to recuse the judge. He was too late after conviction. And the record further shows that the defendant again waived his right to recuse, for, as stated by him, he learned during the course of the trial, when a witness for the state was testifying, that the judge had examined said witness as a witness against the defendant.

In the case of John Ingles v. R. McMillan, Judge, 5 Okl. Cr. 130, 113 Pac. 998, 45 L. R. A. (N. S.) 511, from Oklahoma, where the judge was charged with being "so biased and prejudiced against the petitioner that petitioner could not have a fair and impartial trial in said court before said respondent," the court say in the course of their opinion:

"If a defendant desires to avail himself of this constitutional provision and the provisions of the act of 1909, he should exercise due diligence in asserting his rights as soon after he acquires knowledge of the prejudice of the judge as he can reasonably do so, and thereby save unnecessary expense and trouble to his witnesses and to the state, and avoid interfering with the administration of justice."

In that case a mandamus was refused to compel a judge to disqualify himself during the trial, before judgment.

In the case of Yazoo & Mississippi Valley R. Co. v. Kirk, 102 Miss. 41, 58 South. 710, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968, it was found that the judge was disqualified to preside at the trial of the cause. It was there held that the point might be made after trial, if not known to the counsel before that time. The court then proceeds:

"Since the disqualification of the judge may be waived by the consent of the parties and of the judge, his judgment was not void per se, but simply voidable. It follows therefore that the disqualification of the trial judge must be seasonably suggested; that is to say, whenever knowledge of his disqualification comes to the complaining interest; should such party 'sit down upon the stool of do nothing,' he will be held to have waived the disqualification of the judge and to have consented to his presiding in the cause."

In the case of Shropshire v. State, 12 Ark. 190, in the syllabus it is stated:

"Though this court might take judicial notice that A. B. Greenwood was prosecuting attorney when the indictment was found, and that A. B. Greenwood was circuit judge when the case was tried, yet it could have no judicial knowledge that the prosecuting attorney and the judge were the same person; and it is further held that defendant, in some mode, should have objected to the competency of the judge at the trial, and put the evidence of his incompetency on record."

In the case of Pettigrew v. Washington County, 43 Ark. 33, where the objection was that the county judge was the father of one of the defendants, it was held that this objection was waived "by failure to call the attention of the county court to the fact of disqualification."

In the case of State v. Ham, 24 S. D. 639, 124 N. W. 955, Ann. Cas. 1912A, 1070, in discussing the doctrine of waiver in connection with criminal procedure, section 119 of Bishop's Criminal Practice is quoted as follows:

"If, except when some counter doctrine presses with superior force forbidding, a party has requested or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory, or common-law rights. Necessity is the chief foundation of this doctrine. Without it a cause would rarely be kept from miscarrying."

And, again, from the same author (section 118):

"In natural reason one [a person] should not complain of a thing done with his consent. And the law in all of its departments follows this principle. It is analogous to estoppel, or a species of it. Like any other legal doctrine, the circumstances of a particular instance may compel it to give way to another."

And in the case of Jeffers v. Jeffers, 89 S. C. 244, 71 S. E. 810, the following paragraph from 24 Enc. of Law, 995, is quoted with approval:

"After a trial has been commenced, no attempt to recuse a judge will be listened to, unless it be shown, affirmatively, that the party was not aware of the objection, and was in no fault for not knowing it."

The law of Louisiana contains no provision with reference to a trial judge in a case where he has acted as district attorney at some time in the past.

[2] Bill of exceptions No. 2: Defendant complains in this bill that he was forced to trial without having been afforded a proper opportunity of defense and the assistance of the court for the compulsory attendance of witnesses in his behalf.

This bill of exceptions is taken to the ruling of the court on a motion for a new trial, and is not taken to a ruling of the court in forcing the defendant to trial, and therefore cannot be considered by the court. The defendant complains that the state failed or refused to disclose the names of the witnesses to be used on the trial of the cause. This has repeatedly been held not to be reversible error. State v. Kane, 36 La. Ann. 153; Case of District Attorney v. Judge, 39 La. Ann. 847, 2 South. 588; R. S. 992; State v. Diskin, 35 La. Ann. 48.

After the refusal of the court to grant a continuance for any reason, that ruling can only be complained of in a bill of exceptions. No such bill was taken in this case. Marr's Criminal Jurisprudence, 598; State v. Albert, 109 La. 202, 33 South. 196; State v. Mayfield, 104 La. 173; 28 South. 998; State v. Barfield, 49 La. Ann. 1695, 22 South. 922.

[3] Bill of exceptions No. 3: This bill relates to a matter which the trial judge says defendant himself testified to at length on the trial, and that his testimony had been fully considered, and that it was not sufficient to serve as a basis of the motion for a new trial. There is no error in the ruling.

[4] Bill of exceptions No. 4: This bill is taken to a refusal of the trial judge to allow several witnesses to testify on the trial of the motion for a new trial as to the reputation and character of plaintiff's only witness for truth and veracity. Newly discovered evidence to impeach the credibility of the

witnesses examined on the trial is unavailing in securing a new trial. The ruling of the trial judge was correct. State v. Gauthreaux, 38 La. Ann. 608, and the authorities there cited; State v. Young, 107 La. 618; 31 South. 993; State v. Maxey, 107 La. 799, 32 South. 206.

Judgment affirmed.