942 So.2d 1071 (2006)
RADCLIFFE 10, LLC
v.
ZIP TUBE SYSTEMS OF LOUISIANA, et al.
No. 2006-CC-0128.
Supreme Court of Louisiana.
November 3, 2006.
Deutsch, Kerrigan & Stiles, Joseph L. McReynolds, Kerrie T. Belsome, Isaac H. Ryan, New Orleans, for Applicant.
Talley, Anthony, Hughes & Knight, Craig J. Robichaux, Mandeville, for Respondent.
JOHNSON, Justice.
This application arises from a lawsuit filed by Plaintiff, Radcliffe 10, LLC ("Radcliffe"), against several Defendants, including Zip Tube Systems of Louisiana ("Zip Tube"). The lawsuit arises out of a dispute from Plaintiff's purchase of Zip Tube's assets and centered on the valuation of those assets. The lawsuit was randomly allotted to Judge William Knight of the 22nd JDC for the Parish of St. Tammany. At a status conference prior to trial, Judge Knight voluntarily disclosed to the parties that Michael Burris, the Plaintiff's principal expert witness on the issue of damages, had served as his campaign treasurer during his 2002 campaign for Judge. The parties agreed that involvement in the judge's campaign alone, was not reason for recusal, since Defendant's attorney of record, along with many other local attorneys had served on Judge Knight's election committee.
The case subsequently proceeded to a bench trial before Judge Knight. At the trial, Mr. Burris was qualified as an expert in accounting and testified concerning the valuation of Zip Tube's assets. At the conclusion of trial, Judge Knight issued reasons for judgment where he ruled in favor of Plaintiff and awarded plaintiff *1073 damages in excess of $3.4 million dollars. After the release of the reasons for judgment, but prior to the actual signing of a judgment, Defendants began to investigate the relationship between Mr. Burris and Judge Knight. Defendants then filed a motion to recuse Judge Knight.
The motion to recuse was referred to Judge Peter J. Garcia for hearing. At the hearing, Judge Garcia concluded the motion was untimely under LSA-C.C.P. art. 154 because Judge Knight had disclosed his relationship with Mr. Burris prior to trial, but the motion to recuse was not filed until after the trial was over.
Defendants applied for supervisory review of this ruling. The Court of Appeal, First Circuit, denied the writ in a 2-1 decision. The majority, composed of Judges Pettigrew and Kuhn, denied the writ without comment. Judge Guidry dissented, stating:
The trial court erred in finding that the motion to recuse was not filed timely under La. C.C.P. art. 154. The motion to recuse was filed immediately after the defendants discovered the facts constituting the ground for recusation, after reasons for judgment were issued but prior to the signing of the judgment.
Defendants applied to this Court for review of the decisions of the lower courts. This Court granted the Defendants' writ application to determine whether the motion to recuse the trial court judge was timely. Radcliffe 10, LLC v. Zip Tube Systems of Louisiana, et al., 06-0128 (La.05/12/06), 929 So.2d 74.

DISCUSSION
Pretermitting the merits of the recusal motion, we disagree with Judge Garcia's ruling that defendants' motion to recuse Judge Knight was untimely.
In civil cases, LSA-C.C.P. art. 151 B(5),[1] provides that a judge may be recused when he "is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings."[2]
LSA-C.C.P. art. 154 provides:

*1074 A party desiring to recuse a judge of a district court shall file a written motion therefore assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing. (emphasis added).
The clear intent of the statute is to allow the motion to recuse when the party discovers facts constituting grounds for recusal.
Prior to the codification of LSA-C.C.P. arts. 151 and 154, this Court addressed the same issue in two early cases, Ricks v. Gantt, 35 La. Ann. 920 (1883), and State v. Bordelon, 141 La. 611, 75 So. 429 (La. 1917). These cases are distinguishable from the instant case. In Ricks v. Gantt, this Court noted that "the defendant was fully aware of the relations of the judge to the cause, upon which his present charge of incompetency is based." Ricks can also be distinguished because these defendants contend they were not aware of the true extent of Judge Knight's relationship with Mr. Burris until after the trial ended. In Bordelon, this Court stated that "the judge may be recused before trial, or just as soon as the defendant becomes aware of the cause of recusation during the course of the trial. He cannot be recused after trial and judgment." Bordelon differs from the instant case, in that the case had proceeded to judgment.
It is undisputed that prior to trial, Judge Knight voluntarily disclosed to the parties' attorneys, that Mr. Burris had served as his campaign treasurer, or political funds accountant, during his election. Defendants' attorneys, based on the facts disclosed, had no reason to seek recusal. This case subsequently proceeded to a bench trial before Judge Knight, who, in reasons for judgment, awarded the Plaintiffs a multi-million dollar verdict. After the reasons for judgment, but prior to the signing of judgment, the Defendants discovered other facts which occurred prior to Judge Knight's taking the bench, which made them question Judge Knight's impartiality in a case where Mr. Burris was an expert witness. Judge Knight in his written reasons indicated he gave great weight to the testimony of Mr. Burris with regard to the valuation of Zip Tube's assets.
The Defendants contend they learned that while Judge Knight practiced as an attorney, he represented Mr. Burris in several real estate transactions, as well as other civil actions. Judge Knight created several inter vivos trusts for Mr. Burris' wife and children, for which Judge Knight was designated as the attorney. Judge Knight and Mr. Burris had a twenty-year relationship as business partners in both for profit and non-profit enterprises. Based on this information, the Defendants filed a motion to recuse Judge Knight, relying on the Code of Judicial Conduct Canon 3(C)[3], and LSA-C.C.P. art. 151(B).
*1075 After the hearing on the motion to recuse, Judge Garcia concluded the motion was untimely under LSAC.C. P. art. 154, because Judge Knight had revealed his relationship with Mr. Burris to the parties prior to trial, and the Defendants did not seek his recusal at that time. In oral reasons for judgment, Judge Garcia rejected Defendants' argument that they did not know the full extent of Judge Knight's relationship with Mr. Burris until after the trial ended. Judge Garcia found that such reasoning would make any judge's pretrial disclosure meaningless, as a disgruntled party could always revive the recusal issue after an unfavorable judgment by simply conducting "additional research".
In Judge Garcia's reasons for judgment he explained:
But my problem with this is any time a judge makes a disclosure of a relationship, there's no way for anyone to disclose every element in minutia of that relationship, and if someone is subsequently dissatisfied with the judgment, they [can] do further investigation and say, you didn't reveal this, this, this, or this, so now you have to recuse yourself. That can come up in every situation where a judge makes a disclosure.
* * *
Well, I think this is an issue that needs to be clarified, and I'm sure that you will bring this up to a higher court, but I'm going to dismiss the recusal on the basis that it was not timely filed, specifically because a disclosure was made, an investigation was made after reasons for judgment were rendered going into the details of the disclosure. I can't see how that situation can't arise every time someone is dissatisfied with a judgment. So I find that the motion was not timely filed, and I dismiss the motion for recusal.
We find Judge Garcia's reasoning to be erroneous and contrary to the intent of LSA-C.C.P. art. 154, which requires the filing of the motion to recuse prior to trial unless the basis to recuse is unknown at that time. Further, we find that Judge Knight's voluntary disclosure was insufficient to provide the average person notice of the true extent of their relationship, or put them on notice that they should make further inquiry into the facts of the relationship. In general, there are many persons who participate in a judicial campaign and the fact that someone was involved in a judge's campaign would not necessarily supply a ground for recusal under LSA-C.C.P. art 151, without more.
However, in this case, the relationship between Judge Knight and Mr. Burris was more extensive than mere participation in a judicial campaign. Also, we find that the Defendants' opportunity to file the motion to recuse prior to the trial on the merits may have been obstructed by Judge Knight's partial disclosure of his relationship with Mr. Burris. Further, the motion to recuse was filed immediately after the Defendants discovered the facts they allege constitute grounds for recusation and prior to judgment. Thus, the Defendants filed their motion to recuse timely under LSA-C.C.P. art.154.
Because Judge Garcia denied the motion on its timeliness, it is necessary to remand this matter to the trial court so that a judicial finding may be made on the merits on the recusal motion.

*1076 CONCLUSION

Accordingly, for the foregoing reasons, we reverse the decision of the court of appeal, and remand the matter to the trial court for a hearing on the merits of the motion to recuse.
REVERSED AND REMANDED.
KIMBALL, J., dissents and assigns reasons.
WEIMER, J., concurs and assigns reasons.
KIMBALL, Justice, dissenting with reasons.
I dissent from the majority because I agree with Judge Garcia's ruling that the motion to recuse Judge Knight was untimely. Judge Knight disclosed his relationship with Mr. Burris to defendants prior to trial. After Judge Knight made the disclosure, defendants could have investigated the matter further by doing something as simple as asking the judge a follow-up question. The defendants made a determination that the relationship would not bias Judge Knight and chose not to file a motion for recusal. When Judge Knight disclosed his relationship with Mr. Burris, he put the parties on notice of facts that could potentially constitute grounds for recusation. Therefore, under La. C.C.P. art. 154, the motion to recuse should have been filed prior to trial.
Instead, defendants filed a motion after they became aware that the judgment was not favorable to them. This is precisely what La. C.C.P. art. 154 seeks to prevent. The purpose of requiring recusal motions to be made prior to judgment is to prevent parties from filing motions to recuse the judge after they become dissatisfied over losing the case. Here, defendants knew they had lost the case, although a formal judgment was not yet signed. Moreover, defendants admit that it was the unfavorable judgment that prompted them to look further into Judge Knight's relationship with Mr. Burris. Allowing this motion to proceed as timely thwarts the intent of La. C.C.P. art. 154. Therefore, I dissent from the majority and would affirm the district court's ruling that the motion to recuse was untimely.
WEIMER, J., concurring.
I concur in the result.
Although reasons for judgment were issued, the judgment was not signed and the trial court had not yet fixed attorney fees or costs in this matter. Consequently, the motion to recuse was filed "prior to judgment" and is thus timely. See La. C.C.P. art. 154.
In the present posture and given the totality of the circumstances alleged, I believe that a hearing is warranted. Motions to recuse filed this late in the proceedings must be scrutinized with utmost caution. A motion to recuse should not be a substitute for an appeal of an unfavorable judgment or as a vehicle to seek a new trial. I share the concern expressed by Justice Kimball and Judge Garcia that one dissatisfied with a judgment may resort to recusal.
NOTES
[1] LSA-C.C.P. art. 151, recites that a judge shall be recused [only] when he is a witness in the cause (subsection A), and that he may be recused (subsection B) when he/she,

(1) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(2) At the time of the hearing of any contested issue in the cause, has continued to employ, to represent him personally, the attorney actually handling the cause (not just a member of that attorney's firm), and in this case the employment shall be disclosed to each party in the cause;
(3) Has performed a judicial act in the cause in another court; or
(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause; or to the spouse of the attorney, within the second degree;
(5) Is biased, prejudiced, or personally interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings;
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
[2] The Louisiana Code of Criminal Procedure provides the grounds and procedure for recusal of judges in criminal matters. Articles 674 and 675 provide in pertinent part:

Art. 674. Procedure for recusation of trial judge
A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675.
[3] Canon 3(C) provides:

C. Recusation. A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned and shall disqualify himself or herself in a proceeding in which disqualification is required by law or applicable Supreme Court rule. In all other instances, a judge should not recuse himself or herself.