No. 10,088.

THE STATE OF LOUISIANA vs. LOUIS ALLEN.

To a charge of shooting with intent to commit murder, a verdict returning guilty of an assault with a dangerous weapon, is not responsive.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Allen, J.*

*M. J. Cunningham*, Attorney General, and *W. K. Wilson*, District Attorney, for the State, Appellee.

*Chas. Belden* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   On an indictment for "shooting with intent to commit murder," the jury returned a verdict of "Guilty of an assault with a dangerous weapon."

The accused moved an arrest of judgment, on the ground that the verdict is not responsive to the charge and formed no offense known to the law.

From the judgment overruling the motion, and from the sentence passed upon him, the accused prosecutes this appeal.

The charge is evidently made under Sec. 791 of the R. S. —, while the verdict is for an offense denounced by Sec. 793, which provides against assaults upon another, with a dangerous weapon.

The facts charged were shooting with murderous intent; the finding is assaulting with a dangerous weapon.

If, on the charge as made, the jury could have returned the verdict they did, why should the Legislature have enacted Sec. 793 of the R. S.?

It is impossible to conceive how, under the charge of shooting with felonious intent, a verdict can be accepted as responsive which returns that *no* shooting, but that a mere assault has occurred, and finds no intent.

The offense for which the verdict convicts the accused is a distinct, independent one from that charged.   It could not have been included in a charge of shooting with intent to commit murder, as from it the offense set forth in the indictment could not be traced back.

The assault must have preceded the shooting, because there can be no shooting unless an assault has previously been made, and there may be an assault without any shooting.

If it were claimed that assaulting with a dangerous weapon could be covered by a charge of shooting with intent to commit murder, the inclusion would come within the rule that two separate offenses cannot be embraced in the same count without vitiating the indictment. State vs. Murdock, 35 Ann. 729.

In the case of Hendricks, this Court held that, under a charge of

Board of Church Wardens vs. Bishop et al.

shooting with intent to commit murder, under Sec. 791 R. S., a verdict of guilty of shooting with intent to kill was not only unwarranted because finding for no offense known to the law, but also because it was not responsive to the charge. The case was remanded. 38 Ann. 682.

In the present instance we therefore find that the verdict returned is not responsive, and that the defendant is entitled to the new trial which he asks.

It is therefore ordered and decreed that the verdict herein be quashed and the judgment and sentence upon it be annulled and reversed, and that this case be remanded to the lower court for a new trial and further proceedings according to law.