No. 13,276.

STATE OF LOUISIANA VS. PIERRE ANTOINE.

SYLLABUS.

It is permissible for the trial judge, on the trial of an accused for larceny, to permit the jury to separate, under proper instructions, and in the exercise of sound judicial discretion.

APPEAL from the Tenth Judicial District, Parish of Avoyelles. *Lafargue, J.*

*Milton J. Cunningham,* Attorney General, and *Charles V. Porter,* District Attorney, for Plaintiff, Appellee.

*Adolph Vallery Coco* for Defendant, Appellant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

WATKINS, J. On December 1, 1899, a motion was made to dismiss the appeal, because the transcript shows no order of appeal; and does show that the transcript was not filed in this court within the time required by law. Later, a supplemental motion to dismiss was filed on December 9, 1899, on the ground that sentence was passed upon the defendant on September 26th and an order of appeal was not taken until October 3rd, and, therefore, not within the time prescribed by Act 108 of 1898.

On December 26th, 1899, an agreed statement of facts was signed by the District Attorney and the attorney for the defendant, which covers the points of objection raised in the motion,   which was acquiesced in by the Attorney General, conditional,   and the objection was thereby waived; and upon application made to this court within the time prescribed by law, the return day was extended.

The motion is, therefore, denied.

### ON THE MERITS.

The defendant appeals from a conviction of grand larceny and a sentence to three years imprisonment at hard labor in the penitentiary; and rests his claim for relief on two bills of exception.

In one of them, the statement is made, that when the defendant was called for sentence, he moved the court to suspend sentence upon him, and give him time to confer with his attorney, with whom he had just perfected arrangements for employment.

That up to the very moment of sentence, his said attorney had nothing to do with the case. That other attorneys who had been employed by the defendant, and had represented him on the trial, consented that the present counsel be employed. That these facts were stated to the court, and a delay was requested, to enable him to look into the case and prepare for an appeal; but that, notwithstanding this statement, the trial judge refused to grant this delay, and forthwith, proceeded to sentence the accused.

It is of this refusal to grant time to counsel just employed, that the defendant makes complaint. The reasons assigned by the trial judge are as follows:

"That several days before sentence was passed upon the accused, the court had the accused and other prisoners, brought up for sentence; and upon the request of A. V. Coco, Esquire, counsel for the accused, who stated that he had just been employed and wanted a few days delay, the court postponed passing sentence, and a day was designated for that purpose several days in the future.

"That upon that day, A. V. Coco, Esquire, counsel for the accused, again made a request to delay pronouncing sentence on the accused, and the court being about to end its criminal term, and having given all the delay necessary, refused to allow further time, and sentenced the accused."

We are well satisfied that the trial judge committed no error.

The second bill of exception relates, that upon trial of the above entitled cause and during its progress, at the hour of noon, when the time for recess had arrived, the court permitted the jury to separate, and each juror to go his way unaccompanied by the sheriff or his deputy, to which counsel objected, etc."

The judge's statement in regard to the complaint of the jury having been allowed to separate, is as follows:

"When the recess hour had arrived, the court asked the counsel for the accused and the District Attorney, if they had any objection to the jury separating. The District Attorney answered that he had not; but the counsel for the accused stated they could not give their consent; that while they might not have any objection, still they could not give their consent, and left the matter to the court.

"Whereupon, the court, in view of the fact that the charge against the accused was only larceny, and the matter was discretionary with the court, and that only a portion of the evidence was in, permitted the jury to separate and go to their dinner.

"The court, however, specially instructed the jury not to talk about the case to ony one; not even to talk among themselves, and to let no one talk to them about it."

We can see no objection to this.

Counsel for the accused, in his brief, relates a state of facts and circumstances in connection with the case, of which the record furnishes no evidence; and, consequently, they can not receive any attention at our hands.

This is a case of larceny, and we are aware of no law—and have been cited to none—which prohibits the separation of the jury. Such is the law in capital cases.

We make the following extract from counsel's brief, to-wit:

"The rule of practice in cases not capital differs only in that the separation will be permitted when no prejudice will result to the accused; but the verdict will be vitiated if it be of such a character that prejudice to the party complaining may be expected to have resulted therefrom. See Knobloch's Crim. Dig., p. 296.

"In other words, in capital cases prejudice to the accused is presumed to have resulted, and the verdict will be set aside even where the accused consented to the separation. In cases not capital, the separation, if not consented to, will vitiate the verdict, if from the facts and circumstances, prejudice to the accused results from it."

It seems perfectly clear on his statement of the law, that the defendant has no ground of complaint, inasmuch as there are neither facts, nor circumstances of any kind reported in the transcript, and no testimony is appended to and made a part of the bill of exceptions.

In our opinion, neither ground of exception is well taken.

Judgment affirmed.