Statement
MONROE, J.
Defendant appeals from a conviction and sentence for horse stealing, and by bills of exception alleges errors in the rulings of the-trial court, as follows:
That during the trial of the ease one of the jurors was permitted to leave the courtroom unaccompanied by an officer. In signing this bill, the judge says that the juror asked permission to leave the courtroom for a necessary purpose; that no objection was made, and the permission was granted; but that, as soon as he had gone out of the door, counsel asked “that the accused be discharged, and that the clerk note the fact.” The clerk, in his note of the facts, says that, as soon as the juror had gone out, the counsel asked for a bill of exceptions, but raised no objection at the time or while he was leaving the court; and the counsel himself says that, after the juror had returned, he “asked that the jury be discharged and the prisoner released.”
That during the trial the judge permitted the jurors to separate and go to their dinners. Counsel and the court differ as to whether an objection was made before or after the separation, and the court is sustained by the note of the clerk.
*401 Opinion.
These bills present practically the same point, and the point is not well made. No prejudice to the accused is alleged or shown, and in cases not capital prejudice is not presumed; the matter of allowing the jurors to Separate before receiving the charge being within the discretion of the judge. State v. Antoine, 52 La. Ann. 488, 26 South. 1011.
That the accused, having made himself a witness on his own behalf, was asked on cross-examination:
“Didn’t you tell Adam Boudreaux, the sheriff of the parish of Vermilion, and Otis Hoffpuir, deputy sheriff, when you were arrested on the 5th day of April, 1905, on your way from Lafayette parish to Abbeville, that all you knew about the horse was that you had ridden same from Biers Holmes’ place to the east side of Abbeville, and had turned the horse loose there, and that you supposed it had gone back to its owner?”
To which it was objected that there had been nothing in the examination in chief to justify the question, and that, if any confession was made, it was made immediately after defendant’s arrest and while he was in duress.
It appears from the statement of the court and the note of the clerk that the question was germane to the examination in chief, during which the defendant had admitted the taking and riding of the horse, but had testified that he returned it to a place near that from which it had been taken. It also appears that ■ the statement referred to in the question was made voluntarily.
The next bill was taken to the overruling of a motion for new trial, in which it was alleged and shown that the clerk of the court was not present during the trial, and that his functions, save in the matter of administering the oath to witnesses, were discharged by a person who had not at that time been sworn as a deputy. It appears from the statement of the judge and from the testimony taken in support of the application for new trial, that the minute clerk had resigned, and that, pending the appointment of another, an employé who had for several years been working in the clerk’s office had been temporarily assigned to the position; that this condition was announced and was known to the defendant and his counsel, who made no objection thereto until after the trial and conviction; and that the judge administered the oath to the witnesses. It also appears, from the admission of defendant’s counsel, who took the stand as a witness, that the employé properly discharged the duties devolving upon him, and there is no suggestion of prejudice to the accused, other than such as he may have sustained by reason of the fact that the court was not, as his counsel alleges, properly constituted.
The term “court” is variously defined, and is not unfrequently used as the equivalent of “judge.” It is also, and no doubt with greater accuracy of speech, said to be:
“An organized body, with defined powers, meeting at certain times and places for the hearing and decision of causes and of other matters brought before it, and aided in this, its proper business, by its proper officers, viz., attorneys and counsel, to present and manage the business, clerks to record and attest its acts and decisions, and ministerial officers to execute its commands and secure order in its proceedings.” Burrill.
It is quite certain, however, that the mere absence of any of the officers mentioned, save the judge, does not suspend the existence or functions of the court. Referring to the clerk, the Supreme Court of Georgia has said:
“Our opinion is that the exception is based upon a false assumption, and that is that the office of clerk is necessary to the existence of the court. While we hold that he is a very proper officer to keep regular and fair minutes of all the proceedings of the court of which he is clerk, as he is required to do by the thirty-fourth section of the judiciary act of 1799 (Cobb’s Dig. p. 573), still we are quite clear that the court can live and move and have its being without him. It can keep its own minutes, by entering thenj and signing them as is now done, and make its own adjournment from day to day or for longer time, to suit its own and the public convenience, without a clerk. Nor is there anything in our statutes which is repugnant to this conclusion. There are some things, probably, which the clerk alone can perform; but as to *402 adjournments he has neither part nor lot in the matter. Mealing v. Pace, 14 Ga. 629; Am. & Eng. Ency. of Law (2d Ed.) vol. 8, p. 24, note, citing, also, Niles v. Edwards, 95 Gal. 47, 30 Pac. 134; Levey v. Bigelow, 6 Ind. App. 682, 34 N. E. 128.”
Act 113 of 1896 provides that in criminal trials, when an objection shall be made and a bill reserved, the court shall order the clerk to take down the facts, etc.; but this is intended as an advantage to the party reserving the bill, which cannot be considered on appeal, unless the facts are taken down and brought up to the appellate court. Reserving bills of exception is, however, not compulsory, and, as the bill may be waived, so the taking down of the facts, or the taking down of the facts by the clerk, may be waived. And if the facts are taken down by some one other than the clerk without objection, and, as in this case, it is admitted that they have been taken down correctly, it is too late, on motion for new trial, to raise the objection that they should have been taken down by the clerk. State v. Charles, 108 La. 230, 32 South. 354; State v. Slutz, 106 La. 637, 31 South. 179.
' In State v. Dreifus, 38 La. Ann. 877, it was held that a new trial should not be granted because of the objection, raised for the first time in the motion therefor, that the officer by whom the jurors were sworn was unauthorized to administer the oath.
Bill of exception No. 5 was reserved to the overruling of a motion in arrest of judgment, which motion presents only matters which had already been presented and considered.
Judgment affirmed. .