LAND, J.
The accused were indicted for rape, and found guilty of assault with intent to commit rape. They were sentenced, respectively, to imprisonment at hard labor, for three and five years, and have appealed.
The conclusions that we have reached on •other bills of exceptions render it unnec.es■sary to consider the bills taken to the refusal ■of the judge to postpone the trial of the cause on the ground of the absence of certain witnesses.
[1] On the trial, certain clothing “alleged to have been worn by the prosecuting witness on the day of the alleged crime” was offered in evidence by the state. Counsel for the accused objected, inter alia, “that the proper foundation had not been laid to the intro•duction of these articles of «clothing (up to this time no evidence having been introduced as to whose articles of clothing the articles tendered were).” “Which objection was overruled by the court as going to the effect and not to the admissibility of the ■evidence.” The judge erred in so ruling. The clothing should have been properly identified before it was exhibited in evidence. 23 Cyc. 1472.
[2] It appears from certain bills of exception that the prosecuting witness, .before the preliminary examination, and at the instance ■of her mother, had written out her testimony; that the said witness, so testified on cross-examination, and agreed to produce the writing; that later during the progress of the trial the accused, finding out that the writing was in possession of the mother of the witness, moved for a subpoena duces tecum to the mother, which was refused. We think the court erred. The accused had the right to use the document for all the legitimate purposes of a cross-examination of the witness. The objection that the statement was strictly personal to the witness is without force. Prior statements of a witness, whether oral or in writing, may be used for the purposes of impeachment.
[3] The trial judge correctly ruled that, evidence was not admissible to prove specific acts of intercourse with other men. “According to the weight of authority, want of chastity must be shown by general reputation, and not by proof of specific acts, except that individual acts with defendant prior to the alleged crime may be proved.” 33 Cyc. 1479-1480.
It is therefore ordered, that the verdict and sentence below be set aside, and that this cause be remanded for a new trial according to law.