(120 So. 382)

No. 29651.

## STATE v. BRADFORD.

Jan. 28, 1929.

S. R. Holstein, of Winnsboro, for appellant.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J. The accused was tried, convicted, and sentenced for the crime of unlawfully shooting with intent to kill. From the verdict and sentence he appealed. There are two bills of exception in the record.

### Bill No. 1.

This bill was reserved to the overruling of a motion to quash the petit venire. It is alleged in the motion that the venire was drawn by the jury commission upon an order of court issued prior to the passage of Act

No. 2 of 1928 (Code of Criminal Procedure). The crime charged having been committed, and the venire to try the accused having been drawn before the adoption of the Code of Criminal Procedure, it is not necessary to consider the several provisions of said Code upon which the motion to quash is based, for the reason that article 582 of the Code excepts from its provisions the prosecution and punishment of offenses committed prior to its adoption. We quote the pertinent part of the article:

"All laws or parts of laws contrary to or in conflict with the provisions of this Code are hereby repealed; provided that nothing herein contained shall apply to offenses committed prior to the adoption hereof, but every such offense shall be prosecuted and punished in the manner provided by the laws in force at the time of the commission of said offense," etc.

### Bill No. 2.

██ This bill was reserved to the overruling of a motion for a new trial. The bill is not pressed. Counsel's only reference to it appears on page 4 of his brief, where he says:

"As to bill No. 2, reserved to the overruling of our motion for a new trial, we submit the same without argument."

The motion is based upon two grounds, viz.: The insufficiency of the evidence, and the judge's charge to the jury, that they could render two verdicts, "guilty as charged or not guilty."

As to the first ground, this court has repeatedly held that if there is any properly admitted evidence of guilt, the trial judge, or the jury, as the case may be, is the sole judge of its sufficiency, and our appellate jurisdiction in criminal cases is limited to questions of law alone. Const. of 1921, art. 7, § 10.

While it is true that the judge could have charged the jury that it was within their power to render any one of the following verdicts, "guilty as charged, guilty of assault with a dangerous weapon, guilty of assault, or not guilty," the charge now complained of was not excepted to timely, and no opportunity was given the judge to correct the alleged error. Under these circumstances it is the repeatedly approved rule, except where the prosecution is for the crime of murder, that the right to complain of the error, if there be error, was waived. If an accused is silent when he should speak and takes his chances of being convicted or acquitted, an objection to the court's charge to the jury comes too late when first made in a motion for a new trial. When the prosecution is for murder, and the jury returns a verdict of "guilty as charged," whether the verdict be qualified or not, the rule does not apply, for the reason that it is the statutory duty of the judge, in such cases, to ex proprio motu, instruct the jury that they may return a verdict of "guilty of manslaughter."

We think the judge's per curiam to this bill disposes of both bills. We quote therefrom the following pertinent paragraph:

"The court did charge the jury they could render one of two verdicts, 'guilty as charged or not guilty.' Under the evidence in the case they were the only verdicts that should or would be justified. The defendant, as the court understands, might have been entitled to have the jury charged on the minor verdicts if he had requested same. No objection was made to the charge and no request made for further charges on the minor verdicts. The judge is only required to instruct the jury on the law that the evidence in the case calls for and under the jurisprudence of this state, if the charge is not satisfactory to the defendant he must object to the charge and call attention of the judge to same and this was not done, nor did he request any additional charge. For these reasons there is no merit in defendant's contention on this point."

Finding no reversible error in the rulings complained of, the verdict, judgment, and sentence are affirmed.