OVERTON, J.
Defendant was indicted for cutting and stabbing Wade A. Wright with intent to kill, and was convicted of the crime charged.
It appears that Wade Wright, the person stabbed, was called from his home by-defendant and Boyett, a witness in the case, to meet them for the purpose of adjusting a business difference. As Wright approached the point of meeting, defendant said to Boyett, “Yonder comes the big-bellied-, 1 ought to kill him.” As Wright reached the point where defendant was standing he offered to shake hands with him, but defendant, instead of shaking hands with Wright, began to curse him. Wright then suggested to defendant that they walk away from the passing public to talk the matter over and see whether it could not be settled. The two started off together and had proceeded about twenty steps when defendant said that they had gone far enough and called Wright a thieving -- — . This remark precipitated the difficulty in which Wright was stabbed.
In attempting to establish the foregoing facts, the district attorney asked the witness Boyett the following question, which was answered in the affirmative; “As Mr. Smith (the accused) was approaching Mr. Wright, or as Mr. Smith saw Mr. Wright approaching, *455 did he make any remark?” The defendant objected to the question and answer on the ground of irrelevancy, and the court overruled the objection.
The trial court was correct in overruling the objection. The question was propounded as a preliminary to proving the remark made by defendant as Wright was approaching. The remark, touching which the question was propounded, was so closely connected with the stabbing as to constitute part of the res geste, and had a direct tendency to show that the stabbing was done with the specific intent to kill, which the statute, denouncing the offense, makes an essential ingredient of the crime charged.
While the same witness was on the stand he was asked by the district attorney the following question, relating to what was said by the accused to the witness, immediately following the fight, after the accused had walked about twenty feet from the place of the difficulty, to wit: “What did he, (meaning the accused), say at that time and place?” To this question the witness replied that the accused remarked, after. reaching a point about ten feet from where the witness was standing: “Well, I ought to have killed him,” and followed this with a question propounded to the witness, concerning the matter which, apparently, had given rise to the difficulty. Defendant objected to this evidence on the ground of irrelevancy, and the court overruled the objection.
The ruling was not erroneous. The evidence showed by inference that defendant ad-' mitted that it was he who stabbed Wright.
While the state’s witness, Will Jordan, was under direct examination, the district attorney asked him what defendant said, if anything, concerning the difficulty, after it occurred. The witness replied that defendant told him that he cut Wright as deep as he could and ought to have killed him. Defendant objected to this evidence upon the ground of irrelevancy. The objection was overruled.
The ruling was correct. The evidence showed that defendant admitted that he stabbed Wright, and tended to prove that he did so with the intent to kill.
While Wright, the person stabbed, was on the witness stand, under cross-examination, defendant asked him the following question: “Did you not, on a former occasion, use a pocket knife and cut a person?” Upon objection urged by the district attorney the evidence was excluded on the grounds of remoteness and irrelevancy, in view of the announcement made by defendant that it was not offered for the purpose of attacking the credibility of the witness, but for the purpose of showing who was the aggressor.
The trial court did not err in excluding the evidence for the purpose for which it was offered, na,mely to show who was the aggressor by showing the dangerous character of the person stabbed. It does not appear that Wright committed anyi oyert act against the accused, “In the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.” Code Or. Proc. art. 482.
The last bill of exception was taken to the refusal of the court to charge the jury that they might render any one of three verdicts in the case, namely, guilty as charged, guilty of assault with a dangerous weapon, and not guilty. Instead of giving the requested charge, the court charged the jury that it might render either one of two verdicts, namely, guilty as charged and not guilty.
*457 The indictment is based on Act No. 44 of 1890, which reads as follows:
“Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a” crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years.”
The indictment follows closely the wording of the statute. Article 386 of the Code of Criminal Procedure provides that:
“Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter.”
Article 405 of the Code of Criminal Procedure provides that:
“The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged; and no verdict can be of any effect if found upon an indictment so defective as to charge no crime.”
Article 406 of the Code of Criminal Procedure provides that:
“When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor.”
A verdict of guilty of an assault with a dangerous weapon is not responsive to a charge of cutting and stabbing with a dangerous weapon with intent to kill. The statute, denouncing the offense of cutting and stabbing with a dangerous weapon with intent to kill, does not denounce an assault, and consequently the indictment, which follows the words of the statute, does not charge an assault, which is also an essential ingredient of the crime of an assault with a dangerous weapon. Therefore, it would be going too far to recognize as responsive to the charge preferred against defendant a verdict of guilty of an assault with a dangerous weapon. Hence, the requested charge was properly refused. State v. Foster, 150 La. 971, 91 So. 411; State v. Washington, 107 La. 298, 31 So. 638; State v. Bellard, 50 La. Ann. 594, 23 So. 504, 69 Am. St. Rep. 461; State v. Robertson, 48 La. Ann. 1067, 20 So. 296; State v. Allen, 40 La. Ann. 199, 3 So. 537.
The ease of’ State v. Bradford, 167 La. 827, 120 So. 382, cited by defendant, is not pertinent here. What is there said concerning the responsiveness of a verdict of guilty of assault with a dangerous weapon to a charge of shooting with intent tp kill is purely obiter dictum. The case was decided on the point that the special charge, as to the returning of the lesser verdict, was not timely requested.
The views, expressed above, are in accord with the articles of the Code of Criminal Procedure, quoted supra.
Por these reasons the verdict and the sentence appealed from are affirmed.