McCALEB, Justice.
 

 Appellant was charged with an attempt to commit aggravated rape and found guilty of an attempt to commit simple rape. Following his sentence to a term of fifteen months at hard labor in the State Penitentiary, he prosecuted this appeal, relying upon seven of the eight bills of exception
 
 [1]
 
 reserved by 'him during the trial for a reversal of his conviction.
 

 While the prosecuting witness was testifying on cross-examination, she was asked:
 

 “Q. But wasn’t he merely trying to' induce you to have sexual intercourse with him and not to rape you. A. Yes.”
 

 Whereupon counsel for appellant requested the court to direct a verdict or to order the district attorney to nolle prosequi the case. The judge refused the requests and a bill of exception was reserved to his ruling.
 

 We find no merit in the bill. Directed verdicts are unauthorized under our law; the jury is the judge of the law and the facts, it being within its province
 
 *97
 
 alone to determine the weight and credibility of the evidence. Articles 383 and 384, Code of Criminal Procedure. And, while the judge has the right to instruct the jury on the law of the case, he may not comment upon the facts. Article 384. Consequently, to permit him to direct a verdict would constitute an infringement on the function of the jury. State v. Pascal, 147 La. 634, 85 So. 621; State v. Murphy, 154 La. 190, 97 So. 397 and State v. Bobo, 169 La. 289, 125 So. 126.
 

 Nor is the trial judge authorized to order the district attorney to nolle prosequi a case. This is a matter solely within the sound discretion and control of the district attorney.
 
 [2]
 
 Article 329, Code of Criminal Procedure; State v. Kavanaugh, 203 La. 1, 13 So.2d 366.
 

 Counsel, in his argument on this bill, declares that the judge should have ordered a mistrial. But no such request was made by counsel. Furthermore, the ordering of a mistrial would have been highly improper. The per curiam of the judge discloses that the prosecutrix had testified in detail concerning the attack upon her by appellant and the force used by him in attempting to have her submit. The answer to the question upon which the bill is predicated was obviously an isolated statement which may have been valuable in arguing the credibility of the prosecutrix to the jury but forms no basis whatever for counsel’s claim.
 

 ■ The second bill of exception was reserved when the judge refused to permit defense counsel to cross-examine the prosecutrix respecting specific acts of sexual intercourse with another man. In sustaining the objection of the State, the judge declared that, while appellant would be allowed to show the general reputation of the prosecutrix for chastity and also inquire into any previous act of intercourse which appellant had with her, he could not probe into any alleged intimacies she might have had with third parties.
 

 The ruling was correct. There is complete unanimity in the jurisprudence that want of chastity in rape cases may be shown by evidence of the general reputation of the prosecutrix. 52 C.J. Verbo. “Rape” page 1080; Underhill’s Criminal Evidence, 4th Ed., Section 676, page 1274. It has also been generally held that a defendant should be allowed to prove prior acts of sexual intercourse between the prosecutrix and himself. See Annotation 140 A.L.R. 364, 390 and cases there cited, including State v. Hodgeson, 130 La. 382, 58 So. 14. However, a conflict of authority exists as to whether specific acts of intercourse of the prosecutrix with men other than the defendant may be proved. 44 Am.Jur.Verbo “Rape”, Section 92, page 961, et seq.; Annotation 140 A.L.R. 364,, 382. The majority view appears to be that such evidence is inadmissible. Un
 
 *99
 
 derhill’s Criminal Evidence, Sec. 676, page 1278; Annotation 140 A.L.R. 382.
 

 But, whatever may be the majority rule, it has been definitely settled in this state that, in trials for rape, evidence is not admissible .to prove specific acts of intercourse by the prosecutrix with other men. State v. Hodgeson, supra. This view was recently adverted to in State v. Borde, 209 La. 905, 25 So.2d 736, where it was said that the chastity or want thereof on the part of the female in rape cases is immaterial except where consent is pleaded as a defense.
 

 Appellant’s counsel, in contesting the trial court’s ruling, relies on the case of State v. Perrine, 156 La. 855, 101 So. 243. In that matter, the defendant was tried and convicted of assault with intent to rape. He complained that the court erred in excluding evidence that the reputation of the prosecutrix for chastity was not good and that she was pregnant for a period of about four months before the alleged assault. The court held that the evidence should have been admitted because the defense in the case was that the defendant intended to persuade the prosecutrix to have sexual intercourse with him and that she did, in fact, consent to and perforin the act.
 

 The decision falls squarely within the ruling of State v. Borde, supra, that, where consent is a defense, the general reputation of the prosecutrix for unchastity may be shown. But it cannot be viewed as authority for the contention that particular acts of indiscretion by the prosecutrix with third parties are admissible in evidence— for, as above pointed out, the jurisprudence of this State is otherwise. State v. Hodgeson, supra.
 

 Bills Nos. 3 and 4 involve the same point and may be combined for discussion. While the prosecutrix was under cross-examination, defense counsel requested the court to order the district attorney or the sheriff to produce a certain signed statement made by her on February 27, 1949. The request was refused and counsel excepted. Later, however, the judge interrupted the proceedings and informed counsel that he would order the district attorney to produce the statement and that the prosecutrix would be recalled so that counsel might further cross-examine her on the statement for the purpose of impeachment. To this, counsel replied that “the usefulness of the statement for the purpose for which it was intended to be used had passed” and that he therefore refused the offer, reserving bill of exception No. 4.
 

 These bills are devoid of merit for a number of reasons the principal one being that appellant was not prejudiced in any manner by the rulings of the judge. Indeed, the judge remarks in his per curiam that when defense counsel refused the statement of the prosecutrix, which was tendered him by the district attorney, he
 
 *101
 
 laughingly told the latter that he had a copy of the statement in his file.
 

 The sixth bill of exception was reserved 'by appellant when the trial judge, over objection, permitted one Mr. Waldo H. Dugas to be associated as counsel for the state in the prosecution of the case. Defense counsel asserted that Mr. Dugas made certain derogatory remarks about appellant prior to the trial and that, therefore, his participation in the case was prejudicial to the defense.
 

 The bill is frivolous as no evidence was offered to show that Mr. Dugas made the remark attributed to him by defense counsel.
 

 After verdict, but before the court had passed on a motion in arrest of judgment and for a new trial, defense counsel moved the court to order the recusation of Mr. Du-gas, as assistant prosecutor, and that the recusation be made retroactive as of the outset of the trial of the case. The motion was founded on the claim that Mr. Dugas had a personal interest adverse to the prosecution because he was representing appellant’s wife in a civil action for separation from bed and board which was based on substantially the same facts as those involved in the prosecution. Before the court ruled on this motion, Mr. Dugas voluntarily withdrew as counsel assisting the state and thereupon the judge declared that it was impossible for him to make the recusation retroactive. Reservation of the seventh bill of exception followed the ruling.
 

 The complaint is without any substance whatever. Assuming, for purposes of discussion, that the motion to recuse Mr. Dugas was well founded, it came too late after the jury had rendered its verdict. State v. Bordelon, 141 La. 611, 75 So. 429; State v. Clark, 142 La. 305, 76 So. 722, 2 A.L.R. 1709. Appellant knew that Mr. Dugas was representing his wife in the separation proceedings, as he had been served with a copy of the petition on which Mr. Dugas appeared as attorney.
 

 Bill of exception
 
 No. 8
 
 was taken
 
 to
 
 the overruling of the motion for a new trial. This motion is merely a reiteration of the contentions alreády considered and disposed of.
 

 Finally, in a motion in arrest of judgment, appellant contends that the verdict of attempted simple rape is illegal because that crime is of greater magnitude than that charged and further that it is not responsive to the charge in the indictment.
 

 The point that an attempt to commit simple rape is a greater offense than an attempt to commit aggravated rape is based upon the notion that the penalty for the former requires a minimum sentence of imprisonment of not
 
 less
 
 than one year at hard labor. This is not correct. The substantive offense of simple rape provides such a minimum sentence, article 43, Criminal Code, but the attempt statute, Article 27, Criminal Code, declares that the fine and imprisonment “shall not exceed one-half of the largest fine, or one-half of the
 
 *103
 
 longest term of imprisonment prescribed for the offense so attempted, or both”. Thus, in cases of attempted simple rape, no minimum sentence is exacted; the maximum sentence is ten years, or one-half of the maximum prescribed for the substantive offense. In the greater offense, attempted aggravated rape, the maximum sentence is twenty years, since the substantive crime is punishable by death. Articles 27 and 42, Criminal Code.
 

 The other Contention of counsel is that the verdict is illegal, or rather unconstitutional, because attempted simple rape is not responsive to the charge of attempted aggravated rape.
 

 The short answer to this proposition is that the verdict is responsive for the reason that it is specifically declared to be by Article 386 of the Code of Criminal Procedure, as amended and reenacted by Act No. 161 of 1948, under which the judge was required, on a charge of attempted aggravated rape, to instruct the jury that it had the right to find appellant guilty of an attempt to commit simple rape. State v. Stanford, 204 La. 439, 15 So.2d 817. But counsel says that the act, as thus construed, is unconstitutional because appellant was not informed of the nature and cause of the accusation against him, as required by Article 1, Section 2 of the Constitution, and the verdict would be also violative of the due process clause of the Fourteenth Amendment to the Federal Constitution.
 

 There are a number of answers to this postulate but, since the matter has not been properly raised by reservation of a bill of exceptions to the judge’s charge, we are unable to give it consideration.
 
 [3]
 
 As above stated, Article 386 of the Code of Criminal Procedure made it mandatory that the judge instruct the jury that a verdict of attempt to commit simple rape would be responsive to the indictment. Accordingly, appellant was charged with knowledge, at the time he was tried for attempt to commit aggravated rape, that he could be found guilty of the lesser offense of attempted simple rape. State v. Stanford, supra. Hence, if he had any objection to such a verdict, or if he thought the statute was unconstitutional, it was his duty to object to the judge’s charge and raise the alleged unconstitutionality of the statute at that time. Article 391, Code of Criminal Procedure. See also State v. Bradford, 167 La. 827, 120 So. 382; State v. Abeny, 168 La. 1135, 123 So. 807; State v. Johnson, 171 La. 95, 129 So. 684; State
 
 *105
 
 v. White, 172 La. 1045, 136 So. 47; State v. Pace, 174 La. 295, 140 So. 482; State v. Verret, 174 La. 1059, 142 So. 688 and State v. Guillot, 200 La. 935, 9 So.2d 235.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . Bill No. 5 has been abandoned.
 

 [2]
 

 . Except as limited by Articles 330 and 331 of the Code of Criminal Procedure.
 

 [3]
 

 . Article 502 of the Code of Criminal Procedure provides that — “No error, not patent on the face of the record, can be availed of after verdict, unless objection shall have been made at the time of the happening of such error and unless at the time of the ruling on the objection a bill of exceptions shall have been reserved to such adverse ruling.” It is clear, of course, in this case that the alleged error is not in reality an error and, therefore, not patent on the face of the record inasmuch as the verdict is responsive to the charge in conformitj' with Article 386, Code of Criminal Procedure, as amended.