241 So.2d 490 (1970)
257 La. 60
STATE of Louisiana
v.
Willie Joe BOLDEN.
No. 50317.
Supreme Court of Louisiana.
November 9, 1970.
Rehearing Denied December 14, 1970.
C. Alvin Tyler, Baton Rouge, for defendant-appellant.
Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Frank J. Gremillion, Asst. Dist. Atty., for plaintiff-appellee.
McCALEB, Justice.
Appellant was indicted for aggravated rape. After trial, he was convicted of attempted aggravated rape and sentenced to serve fifteen years at hard labor in the State Penitentiary. He has appealed, relying on four bills of exceptions reserved during the proceedings below for a reversal of his conviction.
Bill No. 1 was taken when the trial judge sustained the State's challenge for cause of a prospective juror on the ground *491 that the juror entertained conscientious scruples against capital punishment which would automatically compel him to vote, in the event appellant was found guilty, against the infliction of the death penalty. It is submitted here that the ruling of the judge was contrary to the holding of the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.
The bill is without merit. Since appellant was found guilty of a lesser offense, i. e., attempted aggravated rape, and was sentenced to a term in the penitentiary, the Witherspoon case is without application. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, 800 (1968), where it was held the Witherspoon decision governs only in cases of capital verdicts in the absence of a showing that the jury was not impartial and "necessarily `prosecution prone.'" No such claim is made here.
During the cross-examination of the prosecutrix, defense counsel asked her where she had lived when she was fifteen years old, approximately two years before the commission of the crime. The State objected to the question on the ground that it was irrelevant and immaterial and defense counsel reserved Bill of Exceptions No. 2 when the judge sustained the objection.
Counsel complains that, by denying him the right to have the alleged victim answer the question the judge improperly curtailed his cross-examination of the witness and thus prevented him from bringing facts to light which might reflect on the witness' credibility.
While considerable latitude is usually allowed in the cross-examination of witnesses, all questions should have relevancy to the case on trial. The judge is vested with a sound discretion to stop prolonged, unnecessary and irrelevant examination of a witness (R.S. 15:275), and it is not competent to impeach a witness as to collateral facts or irrelevant matter (R.S. 15:494). Since the only purpose of the question propounded by defense counsel was admittedly to attack the credibility of the witness as to a completely irrelevant matter, the objection was properly sustained.
During the cross-examination of the prosecuting witness, she was asked by defense counsel: "Did you ever live common law with a man named Mustang?" The State objected, and when the judge sustained the objection the counsel reserved Bill of Exceptions No. 3.
We find no substance in the bill. Obviously, the purpose of counsel's question was to impeach the witness by an attack on her chastity. This is not proper. It is well settled that in rape cases the chastity or lack of chastity or bad reputation for chastity of the victim is not admissible for the purpose of impeaching credibility. State v. Hodgeson, 130 La. 382, 58 So. 14; State v. Borde, 209 La. 905, 25 So.2d 736; State v. Broussard, 217 La. 90, 46 So.2d 48 and authorities there cited.
During the trial the State called another young girl to the stand and sought to adduce testimony from this witness that in January of 1966, approximately two years prior to the commission of the crime in question, appellant had attempted to commit aggravated rape upon her. Defense counsel objected to this testimony on the ground that, if it was tendered for the purpose of showing guilty knowledge and intent, it was too remote in time to be relevant to the case. The objection was overruled and counsel reserved Bill of Exceptions No. 4.
The contention is not tenable. Under R.S. 15:445, evidence of similar acts independent of the act charged as the crime in the indictment is admissible to show intent. The fact that the previous offense occurred *492 two years prior to the offense charged is a matter which addresses itself to the weight of the evidence and not to its admissibility. State v. Cupit, 189 La. 509, 179 So. 837 (1938).
The conviction and sentence are affirmed.
BARHAM, Justice (dissenting).
I disagree with the majority for all the reasons assigned in my dissent in State v. Crook, 253 La. 961, 974, 221 So.2d 473, 477. See also Professor George W. Pugh's critique, 30 La.L.Rev. 321.
My concern over that decision is now replaced with consternation: This court has stated that evidence of a purported act of rape upon another woman two years before the offense here charged is admissible in this prosecution for rape!
The knowledge, intent, and purpose doctrine, as defined either in R.S. 15:445 or in common law, never envisioned that an act so remote in time as two years could serve as evidence of the accused's mental attitudes in the prosecution for an entirely different charge. The majority holding under this extreme factual situation (evidence of an offense two years removed and in a prosecution for an offense not even requiring intent, knowledge, or purpose) vitiates the protection afforded a defendant from attack upon his character unless he himself has placed his reputation at issue. R.S. 15:481. The decision here without further extension will allow the State to parade before the jury not only all previous convictions but previous arrests as well and even evidence of previous conduct which led neither to arrest nor to conviction.
This decision may well have substituted for trial of the offense charged a trial of the defendant's predisposition and propensity for committing such an offense based on his past record of conduct. Under the possibilities presented by this holding, that sometimes gossamer cloak of innocence with which we clothe a defendant is totally ripped aside, and a defendant will now be enshrouded with the sackcloth of presumption of guilt founded on past unsavory conduct. And since trial is no longer limited to the offense charged but is now open for the presentment of the entire panorama of a defendant's past life, how will he prepare his defense?
Under the facts of this case as related to this particular charge, the majority holding in my view is erroneous as contrary to our statutory law and even as abridging the defendant's right to be informed of the nature and cause of the accusation guaranteed by Article 1, Section 10, of the Louisiana Constitution and the Sixth Amendment to the United States Constitution. This holding also infringes upon our common law heritage of the presumption of innocence, a doctrine now so long established and unquestioned as to partake of the qualities of a constitutional guarantee.
I respectfully dissent.
TATE, Justice (dissenting).
I respectfully dissent.
The defendant here was charged with aggravated rape. La.R.S. 14:42. He was convicted of attempted rape, La.R.S. 14:27, a responsive verdict, La.Code Crim.P. Art. 804.
My brother BARHAM dissents from our affirmance of this conviction, suggesting that the prejudicial error was committed when, over objection, the State was permitted to introduce testimony of another woman that the defendant had attempted forcible sexual intercourse with her two years before. I concur in his present dissent, for the reasons expressed there and by his powerful dissent in State v. Crook, 253 La. 961, 974, 221 So.2d 473, 477.
This prejudicial testimony was admitted under the purported authority of La.R.S. *493 15:445: "In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
Whatever probative force the testimony of this isolated earlier (alleged) similar incident might have, is far outweighed by the prejudicial effect which, in the present instance, deprived the defendant of a fair trial for the offense with which charged. Commonsensically, testimony as to the alleged earlier incident some years earlier should not have any weight in determining intent as to the present crime (the sole purpose for which testimony of this earlier incident is admissible under La.R.S. 15:445). See 2 Wigmore on Evidence, Section 357 (3rd Ed., 1940).
The evidence objected to, therefore, is not relevant. La.R.S. 15:441 provides that "Relevant evidence is that tending to show the commission of the offense and the intent * * *, while La.R.S. 15:442 states that "The relevancy of evidence must be determined by the purpose for which it is offered * * *."
Long ago in State v. Bates, 46 La.Ann. 849, 850-851, 15 So. 204, 205 (1894), we stated with regard to the admission of testimony such as the present:
"The general rule is that, when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that other offenses committed by him are wholly excluded. Therefore, the introduction of collateral evidence of extraneous crimes to show intent, motive, and guilty knowledge are exceptions to this general rule; and, in order that such evidence be admissible at all, it must bear directly and materially upon, and have some connection with, the issue before the jury * * *.
"The general rule, however, is against the introduction of such evidence, and the exceptional circumstances which justify a departure from the rule should be clear and very convincing. This statement of the proposition shows that each case must, to a great extent, be passed upon in view of its own special facts * * *."
In State v. Rives, 193 La. 186, 190 So. 374 (1939), we reiterated with approval the cautionary restrictions emphasized in State v. Bates about the reception of evidence of offenses other than which the accused is charged, further reiterating, 190 So. 379:
"It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another * * *.
"The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to convictions, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one."
We there reversed the conviction, because of evidence admitted over objection an intent to commit a similar offense sixty days earlier. We reviewed the jurisprudence and held that evidence of similar offenses is not always admissible. To be admissible, "`it must bear directly and materially upon, and have some connection with, the issue before the jury.'" 190 So. 382. We rejected a contention that intent to commit the present offense was in any way proved by evidence of an intent to commit a *494 similar offense "on one isolated former occasion, in no way connected with the case on trial." 190 So. 377.
My distinguished predecessor, Chief Justice Fournet, dissented from the affirmance of a conviction of rape, wherein evidence was admitted of a similar offense against the prosecutrix committed just eight days prior to offense charged in the indictment. State v. Ferrand, 210 La. 394, 27 So.2d 174, 178 (1946).
His words are all the more pertinent here, where we have permitted evidence of an alleged attempt two years earlier, 27 So.2d 178-179:
"It is the universally accepted rule that when a person is on trial for his life or his liberty any evidence relative to other offenses committed by him is inadmissible. The reason for this rule is primarily that such evidence is not relevant to the issues of the case, that is, the accused's guilt or innocence of the particular crime with which he is charged. In addition, it would subject him to charges against which he is unprepared to defend, thereby prejudicing his cause. * * *
"I therefore cast my lot with the minority, feeling and believing that such evidence is not only contrary to the fundamental basis for the admissibility of evidence, that is, its relevancy to the issues involved, but that it is in direct violation of the constitutional guarantee to every accused that he shall have a fair and impartial trial, for such evidence, in my opinion, can have no other effect than to prejudice and confuse the jury."
For the foregoing reasons, I respectfully dissent.
Rehearing denied.
BARHAM and TATE, JJ., dissent from the refusal of a rehearing.