McCALEB, Justice.
Appellant was indicted for aggravated rape. After trial, he was convicted of attempted aggravated rape and sentenced to serve fifteen years at hard labor in the State Penitentiary. He has appealed, relying on four bills of exceptions reserved during the proceedings below for a reversal of his conviction.
Bill No. 1 was taken when the trial judge sustained the State’s challenge for cause of a prospective juror on the ground that the juror entertained conscientious scruples against capital punishment which would automatically compel him to vote, in the event appellant was found guilty, against the infliction of the death penalty. *63 It is submitted here that the ruling of the judge was contrary to the holding of the United States Supreme Court in Wither-spoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.
The bill is without merit. Since appellant was found guilty of a lesser offense, i. e., attempted aggravated rape, and was sentenced to a term in the penitentiary, the Witherspoon case is without application. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, 800 (1968), where it was held the Witherspoon decision governs only in cases of capital verdicts in the absence of a showing that the jury was not impartial and “necessarily ‘prosecution prone.’ ” No such claim is made here.
During the cross-examination of the prosecutrix, defense counsel asked her where she had lived when she was fifteen years old, approximately two years before the commission of the crime. The State objected to the question on the ground that it was irrelevant and immaterial and defense counsel reserved Bill of Exceptions No. 2 when the judge sustained the objection.
Counsel complains that,' by denying him the right to have the alleged victim answer the question the judge improperly curtailed' his cross-examination of the witness and thus prevented him from bringing facts to light which might reflect on the witness’ credibility.
While considerable latitude is usually allowed in the cross-examination of witnesses, all questions should have relevancy to the case on trial. The judge is vested with a sound discretion to stop prolonged, unnecessary and irrelevant examination of a witness (R.S. 15:275), and it is not competent to impeach a witness as to collateral facts or irrelevant matter (R.S. 15:494). Since the only purpose of the question propounded by defense counsel was admittedly to attack the credibility of the witness as to a completely irrelevant matter, the objection was properly sustained.
During the cross-examination of the prosecuting witness, she was asked by defense counsel: “Did you ever live common law with a man named Mustang?” The State objected, and when the judge sustained the objection the counsel reserved Bill of Exceptions No. 3.
We find no substance in the bill. Obviously, the purpose of counsel’s question was to impeach the witness by an attack on her chastity. This is not proper. It is well settled that in rape cases the chastity or lack of chastity or bad reputation for chastity of the victim is not admissible for the purpose of impeaching credibility. State v. Hodgeson, 130 La. 382, 58 So. 14; State v. Borde, 209 La. 905, 25 So.2d 736; State v. Broussard, 217 La. 90, 46 So.2d 48 and authorities there cited.
*65 During the trial the State called another young girl to the stand and sought. to adduce testimony from this witness that in January of 1966, approximately two years prior to the commission of the crime in question, appellant had attempted to commit aggravated rape upon her. Defense counsel objected to this testimony on the ground that, if it was tendered for the purpose of showing guilty knowledge and intent, it was too remote in time to be relevant to the case. The objection was overruled and counsel reserved Bill of Exceptions No. 4.
The contention is not tenable. Under R.S. 15:445, evidence of similar acts independent of the act charged as the crime in the indictment is admissible to show intent. The fact that the previous offense occurred two years prior to the offense charged is a matter which addresses itself to the weight of the evidence and not to its admissibility. State v. Cupit, 189 La. 509, 179 So. 837 (1938).
The conviction and sentence are affirmed.