302 So.2d 589 (1974)
STATE of Louisiana
v.
Vernon J. BIRD, Jr.
No. 54985.
Supreme Court of Louisiana.
October 28, 1974.
*590 Ralph L. Barnett, Gretna, for defendant-appellant.
*591 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty., Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried in April of 1971 and convicted of aggravated rape. After a long and unexplained delay an appeal was perfected.
Bill of Exceptions No. 1
This bill was reserved when the trial judge sustained a challenge for cause of a prospective juror who testified on voir dire:
"BY THE COURT:
"Q. Mr. Bader, could you consider all five verdicts?
"A. I could listen to them, but I would never ask for capital punishment. I could never do that.
"Q. Regardless of what type fact situation a case may be?
"A. No. I feel like that now."
Defendant contends that the exclusion of the prospective juror violated the standards established in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). In the instant case the jury returned a verdict of guilty without capital punishment. Since Witherspoon dealt only with the imposition of a death sentence, not the conviction itself, it is not applicable. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Witherspoon v. Illinois, supra; State v. Veal, 296 So.2d 262 (La.1974); State v. Preece, 270 So.2d 850 (La. 1972).
Bill of Exceptions No. 2
This bill complains of the complaining witness' response to questions about her fear of the defendant. The testimony was that the victim was afraid of the defendant because she "knew the things he has done. He tried to cut my husband's throat with a razor, he stabbed a guy and almost left him for dead, and he cut my husband's uncle across the chest, and he beat his wife, and he knocked his mother downall of these things were going through my mind at the time."
There was no objection by the defendant, either to the question or the answer given by the witness. There was no request by the defendant for instructions to the jury to limit the effect of the testimony. The witness was allowed to testify fully and completely on her direct examination, concerning her state of mind, the reasons for it, and every detail of the rape, without any objections. Article 841 of the Code of Criminal Procedure provides that "an irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence..."
This bill is without merit.
Bill of Exceptions No. 3
Defendant called as a witness the seventeen year old sister-in-law of the victim. She was asked whether the complaining witness had ever showed her "dirty books." Her testimony was that the complaining witness had showed her such books, which belonged to a neighbor, and had showed them to other people. The object of the examination was, apparently, to show the complaining witness' reputation for unchastity. On cross-examination, the State established that the witness had attended the seventh grade in school, and asked the witness to raise her sleeves. To this, the defendant objected, arguing that the witness should be impeached by exposing her arms to the jury. When the objection was overruled, and the witness raised her sleeves, there was a tattoo on an arm. When asked if there were other tattoos, the witness testified "that there were none except on my hands."
*592 This bill is wholly without merit. The defendant cites no authority, and no reason, to support his contention that it was error to require the witness to expose a tattoo on an arm. The record does not make it clear what the State expected the jury to infer from the existence of the tattoo. Even if we grant that such examination was collateral and irrelevant, the record does not show any prejudice whatsoever to the defendant.
Bill of Exceptions No. 4
The defendant maintains that he was attempting to introduce evidence as to the character and reputation of the victim. The defense in the case was consent, and the reputation of the complaining witness as to chastity may be an issue. There is no reference in the perfected bill of exceptions to the exact testimony which forms the basis for the bill. We find in the record, however, that a bill was reserved when the court sustained an objection of the State to a question put to a defense witness. The question was whether the witness had heard the victim use "vulgar, lewd, lascivious language in mixed company." The ruling of the trial judge was correct. Particular acts of misconduct are not admissible to show reputation. See R.S. 15:490.
There is no merit to the bill.
Bill of Exceptions No. 5
This bill was reserved when the State's objection was sustained to a question propounded to the defendant. The defendant was asked what, from the people he knew who knew the prosecuting witness, and from living next door to her for a month or so, was the general reputation of the complaining witness "for being lewd, vulgar and having a disposition to speak of sexual matters in the presence of mixed company, including her husband."
Vulgarity and a propensity for speaking of sexual matters in mixed company is not the proper object of inquiry in a rape case. Where consent is a defense, it is the general reputation of the prosecutrix for unchastity which may be shown. State v. Borde, 209 La. 905, 25 So.2d 736 (1946); see also State v. Smith, 259 La. 515, 250 So.2d 724 (1971); State v. Broussard, 217 La. 90, 46 So.2d 48 (1950); State v. Hodgeson, 130 La. 382, 58 So. 14 (1912).
In rape cases chastity has a well understood meaning, which does not include habits of speech. Chastity (for married persons) refers only to the abstention from extramarital sexual intercourse, and should not, in rape cases, be extended to include other meanings of the word, such as purity in speech and personal integrity.
It is to be noted that, except for the questions above noted, the defendant made no other attempt to adduce evidence as to the general reputation for chastity of the complaining witness.
There is no merit to the bill.
Bill of Exceptions No. 6
This bill was related to Bill No. 2. The defendant, who took the stand in his own behalf to establish his defense of consent, was under cross-examination, and was asked, "Did she know about the time you cut Robert Applewhite in the chest?" The objection seems to have been made to prevent asking details of an incident when the witness admitted conviction for a crime which grew out of the incident. No other details were asked. The defendant admitted that the prosecuting witness did know that he had cut Robert Applewhite in the chest. There was no error in the ruling of the trial court.
Bill of Exceptions No. 7
This bill was reserved to the denial of a motion for a new trial. Defendant *593 contends that the evidence failed to establish that the victim had resisted to the utmost and that the defendant was entitled to a new trial in order to serve the ends of justice. To review the sufficiency of the evidence of the victim's resistance would require a review of the factual findings of the jury. This court has no jurisdiction to review factual findings in criminal cases. La.Const. of 1921, Art. 7, § 10.
The motion for a new trial also contended that one of the jurors was acquainted with the complaining witness' parents, and had not disclosed that knowledge on voir dire. There is no showing that the juror was asked the question. The parents of the complaining witness were not witnesses in the case. There is likewise no substance to the complaint that the verdict of the jury was written on a separate piece of paper, instead of on the back of the suggested forms of possible verdicts which the jury could render. The verdict is not deficient in any respect.
Some of the other complaints in a motion for a new trial refer to matters which occurred during the trial, and to which no objections were made at the time of their occurrence. It is too late, generally, to complain of an irregularity in trial proceedings when the objection was not made at a time during the trial when relief might have been granted. C.Cr.P. 841.
There is no merit to this bill.
There was no delay between the denial of the new trial and the sentencing of the defendant. The record before us does not indicate the defendant waived the twenty-four delay provided for in C.Cr.P. 873. The case is therefore remanded to the trial court for resentencing. State v. Barnard, 287 So.2d 770 (La. 1974).
The conviction is affirmed, and the case is remanded for resentencing in accordance with law.
BARHAM, J., concurs in result.