(101 South. 243)

No. 26681.

STATE v. PERRINE.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. Rape ⬤⟿40(1)—Evidence of previous unchaste character relevant, where intent involved.

Where issue was whether intent with which assault was committed was to commit rape or only to seduce girl, court erred in excluding evidence that reputation of prosecutrix for chastity was not good, and that she had been pregnant before assault.

2. Criminal law ⬤⟿656(9)—Assumption that proof was conclusive that assault was committed with intent to rape invasion of province of jury.

In prosecution for assault with intent to rape, *held* that trial judge invaded province of jury by assuming, in ruling on admissibility of evidence, that proof was conclusive that assault was committed with intent to commit rape and not only to seduce prosecutrix.

Land and Brunot, JJ., dissenting.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Grady Perrine was convicted of assault with intent to commit rape, and he appeals. Verdict and sentence annulled, and case remanded for new trial.

W. A. Walker, Jr., of Clinton, for appellant.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

O'NIELL, C. J. [1] The defendant was convicted of the crime of assault with intent to commit rape. There are two bills of exception in the record, presenting one or the same principle of law. One bill was reserved to a ruling of the court excluding evidence that the reputation of the prosecutrix for chastity was not good, and the other bill was reserved to a ruling excluding evidence that the girl was pregnant for a period of about four months before the alleged assault. The proof was, and it was not denied, that the defendant met the girl on the road, with several other girls, and caught hold of her arm, and, in her struggle to be free, most of her clothing was torn off. He testified that his purpose and intention was, not to ravish the girl, but to persuade her to have sexual intercourse with him, and that, in fact, she did finally yield and go into the woods with him for the purpose. She testified to the contrary and was corroborated by the fact that her clothes were so badly torn. The issue before the jury was whether the intent with which the assault was committed was to commit rape or only to seduce the girl. When that is the issue, in a prosecution for assault with intent to rape, as in a prosecution for rape, evidence of the previous unchaste character of the woman is relevant. 22 R. C. L. pp. 1208, 1209, and 1232.

[2] Conceding, as an abstract proposition, that the evidence would have been relevant to the issue, the district judge thought that there was no such issue, because, in his opinion, the proof was conclusive that the assault was committed with the intent to commit rape. In that respect the judge invaded the province of the jury.

The verdict and sentence appealed from are annulled, and the case is ordered remanded to the district court for a new trial.

LAND and BRUNOT, JJ., dissent.
LECHE, J., concurs.