250 So.2d 724

**STATE of Louisiana**

**v.**

**Lawrence Joseph SMITH.**

No. 51008.

June 28, 1971.

Rehearing Denied Aug. 12, 1971.

Airhart & Copenhaver, Teddy W. Airhart, Jr., Harris D. Copenhaver, Jr., Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Walter L. Smith, Jr., Asst. Dist. Atty., for plaintiff-appellee.

BARHAM, Justice.

The defendant was indicted for aggravated rape, tried, convicted of attempted aggravated rape, and sentenced to 15 years in the Louisiana State Penitentiary. He relies on 39 perfected bills of exception in this appeal. Many of the bills of exception have been grouped or consolidated in both brief and argument because they present common issues.

On the evening of December 16, 1967, while the complaining witness was walking down Terrace Street in the City of Baton Rouge, a man put a knife to her throat, covered her eyes with a scarf, walked her several blocks, took her into an apartment, and there raped her. He then led her blindfolded from the apartment, continued for a distance down the street, and then disappeared. The victim ran home and called the police, but upon returning to the general area was unable to identify the house she had been taken into. The defendant was arrested on January 13, 1968.

In detailing her activities immediately following the incident, the victim testified that while at the hospital she was asked whether anything was wrong, and she replied that she was then four months pregnant. On cross-examination defense counsel asked: "And you say you were four months pregnant at the time of the incident?" She answered: "Yes, I was." The State objected to further questioning in this regard on the grounds that the issue of her pregnancy was immaterial and irrelevant, had not been raised by the State,

but had come into the case as an unsolicited statement by the witness. The defense's argument for further cross-examination upon that point was that it would test the truth and veracity of the witness's testimony. The trial court ruled that the unsolicited statement by the witness that she was pregnant was irrelevant to the trial of the defendant under the charge of aggravated rape, and that any further cross-examination on that point would be equally irrelevant. Bill of Exception No. 1 was reserved to this ruling. On argument before us counsel for defendant urge that had the court permitted the cross-examination, it would have revealed that the witness was to bear an illegitimate child and thus would have shown her lack of chastity, which would have been an important issue in the case.

The trial court correctly ruled upon the issue as presented to it by the district attorney and defense counsel. State v. Bolden, 257 La. 60, 241 So.2d 490. Moreover, it is the law of this state as well as the majority view throughout the country that unless consent is pleaded or put at issue as a defense in a prosecution for aggravated rape, evidence as to the chastity of the prosecuting witness is inadmissible. State v. Hodgeson, 130 La. 382, 58 So. 14; State v. Perrine, 156 La. 855, 101 So. 243; State v. Borde, 209 La. 905, 25 So.2d 736; 3 Underhill's Criminal Evidence § 766 (5th ed. 1957); 1 Wharton's Criminal Law and

Procedure § 302 (Anderson Ed. 1957). The defendant's contention that cross-examination was permissible to establish lack of chastity cannot prevail, and the bill of exception is without merit.

■ Bills of Exception Nos. 2 through 5 are based upon objections to the testimony, and to identification of physical evidence in connection with that testimony, of a witness who stated that the defendant raped her on January 12, 1968. The same modus operandi was used in the rape of this witness as was used with the prosecuting witness, and the rape occurred in the same neighborhood. However, this witness was made to undress on the side porch of a house which she was later able to identify for the police. Some of her clothing and her umbrella were found there which she identified at the trial. She was also able to identify the voice of the defendant as that of the man who had raped her, and identified a pair of shoes and a coat belonging to the defendant which were like those worn by her assailant.

Bills of Exception Nos. 6 through 10 are based upon objections to testimony and to identification of physical evidence by a witness who lived next door to the building in which the defendant had an apartment. Testifying about the occurrence of January 12, she said that she saw a man holding a girl and trying to unlock the back apartment, which was the apartment oc-

cupied by the defendant and so identified by the witness. After turning on the light, the witness and her mother went out in the alleyway and found a girl's clothes by the apartment. The witness further identified in court the clothing and an umbrella she had seen in the alley, which were the same as those identified by the witness who had been raped on the night of January 12.

The bases of Bills of Exception Nos. 11 through 14 are similar objections to the testimony and physical evidence identified by the mother of the preceding witness, who testified essentially as had her daughter. She also identified the items which had been found near the door of the apartment of the defendant after the disturbance.

Bills of Exception Nos. 15 through 30 are based upon objections to testimony, and identification of physical evidence in connection with that testimony, by a police officer who investigated the rape of January 12 and who made the arrest of the defendant at his apartment on January 13. The officer detailed his part in the investigation and arrest of the defendant, identified the defendant, identified the evidence taken at the scene and in connection with the offense of January 12 as well as photographs taken in connection with the investigation. The evidence identified by the officer was offered over the objection of the defendant.

Bill of Exception No. 34 is based upon objection to the testimony of a police officer who assisted in the investigation of the January 12 rape.

Bill of Exception No. 35 is based upon objection to the testimony of a member of the staff of the Louisiana State Police Crime Laboratory, under whose direction the clothing of the victim of the January 12 rape had been tested and found to contain blood and seminal stains.

Bills of Exception Nos. 36 and 37 are based upon objection to the testimony of an investigator with the district attorney's office, who established part of the chain of possession of the clothing and other physical evidence pertaining to the rape of January 12.

Bill of Exception No. 31 is based upon objection to testimony of a witness that the defendant had attempted to rape her six days before the crime for which he was on trial. The testimony of this witness established that the same modus operandi was used by her attacker. She was able to identify her attacker almost immediately after the attempted rape because shoes which had been left by her in her escape were being carried by the defendant.

Bills of Exception Nos. 38 and 39 were reserved when the district attorney in closing argument commented upon the two other offenses.

The basic objection which gave rise to all of these bills of exception was that testimony and other evidence concerning prior and subsequent offenses were inadmissible upon the trial of this defendant for the aggravated rape of December 16. Under R.S. 15:444, if a statute has made it a crime to do a particular act, no further proof of intent is required than that the accused voluntarily did the act. R.S. 15:445 provides that in order to show intent, evidence of similar acts is admissible as a fact from which intent may be inferred. R.S. 15:446 provides that where knowledge or intent is an essential ingredient of the inquiry, evidence of the commission of similar offenses is admissible for the purpose of showing that guilty knowledge and intent, but may not be used to prove the offense charged.

The argument of the State to support the admission of the evidence of the other offenses here, and the argument of the defense to suppress the evidence of the other offenses, have been adequately presented in the majority and dissenting opinions in State v. Crook, 253 La. 961, 221 So. 2d 473, and State v. Bolden, supra. The holding of the majority in those cases is that in a trial for aggravated rape evidence may be introduced of prior and subsequent offenses. Under the circumstances of this case, State v. Crook and State v. Bolden are authority for holding that the bills of exception above enumerated (Bills Nos. 2 through 31 and 34 through 39) are without merit insofar as they are based upon an objection that evidence of prior and subsequent offenses cannot be introduced at the trial of a defendant for aggravated rape.

■ Bill of Exception No. 10 contains an additional objection. When a witness could not draw a plan of the premises where she saw the occurrence about which she was testifying, the assistant district attorney made the drawing, and the witness located upon this sketch the directions and appurtenances of the premises mentioned in her testimony. Counsel for defendant objected to this procedure. A reading of the testimony shows that the witness was capable of independently making the identifications upon the drawing, that the drawing was not leading, and that it served the purpose similar to that of a map upon which a witness may be asked to identify a particular location. The law does not require that maps, drawings, and other evidence upon which identifications are made must be themselves made by the witness who identifies the particular location upon the exhibit. There is no merit in this basis of Bill of Exception No. 10.

■ Bills of Exception Nos. 32 and 33 were reserved to certain testimony by the witness who was a victim of the attempted rape six days before the rape for which the defendant was on trial. The first ob-

jection was made while the witness was in the process of telling what followed immediately upon her escape from her assailant. The objection came when the witness, talking about the defendant, said: "* * * this guy right here was right there talking to somebody, I don't know who it was, but he said that somebody had jumped on him about some money, which he was telling a lie * * *." What the witness detailed happened within minutes after the attack and was part of the res gestae of the occurrence. The statement made by the defendant in her presence immediately following the attempted rape was admissible as a part of the occurrence.

■ The second objection was made when the same witness was telling of an encounter with the defendant three days later, during which they exchanged some words about the circumstances of the attempted rape. Any admission or similar voluntary noncustodial statement made by the defendant to any witness about the offense is admissible. This is not inadmissible as hearsay, and the objection was without foundation. The ruling of the trial court was correct. 4 Wigmore on Evidence §§ 1048–1059 (3d ed. 1940); McCormick on Evidence HB § 239 (1954); Morgan, Basic Problems of Evidence, pp. 265–290 (American Law Institute 1963).

For the reasons assigned the conviction and sentence are affirmed.